## Black v. O'Hara, Administrator, et al.

(Decided May 15, 1917.)

### Appeal from Caldwell Circuit Court.

1. Pleading—Exhibits Annexed to Pleading.—If an exhibit filed with, and as a part of, a pleading contradicts the allegations of the pleading, the exhibit will control the allegations, unless it be expressly impeached or explained by the facts stated in the pleading.

2. Pleading—Exhibits Annexed to Pleading.—Defendant sought to recover on a written contract, which was filed as a part of the pleading, alleging that the contract was executed by the administrator of plaintiff's intestate, as such administrator; but the contract, although showing that it was made for the benefit of the estate and signed by one who was at the time of its execution administrator of the estate, did not expressly state that it was executed by him as administrator. Held: That the exhibit, although varying from the allegations of the pleading in this respect, would be controlled by the pleading and would not render the pleading bad on demurrer, since the pleading stated facts explaining the seeming variance in the exhibit.

3. Constitutional Law — Contracts — Attorney and Client. — A contract made by an attorney to prosecute a claim against the

United States Government for a fee equal to one-third of the amount recovered, is a valid and enforceable contract, and an act of Congress appropriating money to pay the claim, which had theretofore been judicially determined to be valid, that provided that it should be unlawful to receive more than twenty per centum of the amount appropriated, as an attorney fee, was, in so far as it attempted to limit the amount of the fee already earned, unconstitutional and invalid.

S. D. HODGE for appellant.

MILLER & MORSE for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

Appellee, James G. O'Hara, as administrator *de bonis non* of Wm. O'Hara, and in his own right, in conjunction with the other heirs of Wm. O'Hara, instituted this action against Mary P. B. Black, as executrix of her husband, G. W. Z. Black, asking the direction and advice of the chancellor in the disposition of funds in the hands of James G. O'Hara, as administrator *de bonis non* of Wm. O'Hara, and alleging that appellee was asserting a claim against said funds, which claim they sought to have declared illegal.

The petition states that Wm. O'Hara died intestate in 1866; that A. C. Mayes was appointed and qualified as his administrator and fully settled all of his estate, except a claim that decedent was asserting against the United States Government for supplies confiscated during the Civil War; that, after the death of said Mayes, M. C. O'Hara was appointed and qualified as administrator *de bonis non* of Wm. O'Hara, and acted as such until his death, when appellee, James G. O'Hara, was appointed and qualified as such administrator.

A reference was had to the master, with instructions to advertise for claims against the estate of Wm. O'Hara and report thereon. Appellee presented to the master a claim for services rendered by her testator for the estate of Wm. O'Hara, in collcting from the United States Government the sum of $4,829.00, amounting to $1,609.66, less $965.00, received on account, leaving a balance due and unpaid of $643.86. The claim was properly verified by affidavit of appellee and one other, as required by law.

Attached to the claim was a writing, purporting to be a contract employing appellee's testator as an attorney

to prosecute the claim of Wm. O'Hara against the United States Government, and fixing his fee at a sum equal to one-third of the amount recovered, which writing is as follows:

"Having employed G. W. Z. Black, of Washington, D. C., to prosecute to a finality the war claim of the estate of Wm. O'Hara for property taken by Federal authority during the late Civil War, amounting to $7,925.00, more or less, I hereby promise and agree to allow and pay him a sum equal to thirty-three and one-third (33 1/3) per centum of the amount which may be collected on said claims, and to pay him nothing unless he succeeds; the said Black to pay all costs that accrue at Washington, D. C., but not to pay any costs contracted or incurred by me.

"Witness my hand this 23rd day of February, 1903.
"M. C. O'Hara."

Appellant also set up her claim in an answer, in which she alleged that the contract was executed by M. C. O'Hara, as administrator *de bonis non* of Wm. O'Hara, to prosecute the claim for the benefit of the estate, and she filed and made a part of the answer the above written contract.

The master commissioner in his report on the order of reference simply presented appellant's claim and proof filed with him, without recommendation and without allowing or disallowing it. Appellant filed a motion for a re-reference to the master, with directions to either allow or disallow the claim. This motion was overruled, and exceptions were then filed to the report of the master, which were likewise overruled.

A demurrer was then filed by appellees to appellant's answer, which was sustained, and, appellant declining to plead further, a judgment was entered dismissing her claim, to all of which she excepted and prayed an appeal to this court, which was granted.

It is now insisted that the court erred in overruling appellant's motion for a re-reference to the master; in overruling her exceptions to the master's report; and in sustaining the demurrer to her answer.

Since but one question, and that a question of law, is involved, viz., the validity of appellant's claim as pleaded, we need to consider its validity only as presented by the answer. The answer alleges that the written contract was executed by M. C. O'Hara, as administrator *de bonis*

*non* of **Wm.** O'Hara; and the petition of appellees states
**that** M. C. O'Hara was administrator *de bonis non*
of Wm. O'Hara from the death of A. C. Mayes until
his death, but it does not otherwise fix the time he was so
acting.   As a pleading must be construed most strongly
against the pleader, it stands admitted of record that
M. C. O'Hara was administrator *de bonis non* of Wm.
O'Hara at the time appellant alleges that in that capacity
he executed the written contract.

Appellees insist, however, that, since the contract filed
in the answer by appellant is signed "M. C. O'Hara,"
it is his individual contract and not his contract as ad-
ministrator, and that the contract, being filed as an ex-
hibit and made part of the answer, must control, rather
than the allegations of the answer.

While it is true that a writing filed as an exhibit, and
as part of a pleading, will be considered and construed,
upon a test of the sufficiency of the pleading, and, where
there is a variance between the pleading and the exhibit,
the latter will usually control, this is not always the case.
A writing that is the basis of an action must, under sec-
tion 120 of the Civil Code, be filed as an exhibit, and, as
such, may aid an allegation defectively made, but cannot
supply an allegation wholly omitted.   A writing not re-
quired by the code to be filed as a part of a pleading may
be filed therewith, and, in such cases, the exhibit, if in
conflict with the allegations of a pleading, cannot aid
the pleading, but may render it bad; not, however, when
the exhibit is impeached or explained by the facts stated
in the pleading.   The rule is thus stated in Bush v. Ma-
deira's Heirs, 14 B. Mon. 172.

"The demurrer admits, for the purpose of testing
their sufficiency, the facts stated in the petition or bill;
but the exhibits referred to must be taken into view, as
controlling any statement which is inconsistent with them,
except so far as the exhibits are themselves directly im-
peached."

In Newman's Pleading and Practice, 3rd Ed., Vol. 1,
section 204c, it is said:

"If an exhibit referred to and filed contradicts an
allegation of the pleading, the exhibit will control the
allegation, unless the exhibit be expressly impeached or
explained by the facts stated in the pleading."

As appellant's answer alleged that the contract was
executed by M. C. O'Hara in his capacity as administrator

and as the contract shows upon its face that it was for the benefit of the estate of Wm. O'Hara, we do not think the mere fact that the word "administrator" is not attached to M. C. O'Hara's signature was sufficient to authorize the court in sustaining a demurrer to the answer.

2. Appellant's testator was employed, under the contract, to prosecute the claim, on February 23, 1903. The claim was not allowed until January 28, 1907, and when Congress thereafter, on March 4, 1915, appropriated the money for the payment of this and other like claims, it provided, by section 4 of the act of appropriation:

"That no part of the amount of any item appropriated in the bill in excess of twenty per centum thereof shall be paid or delivered to or received by any agents, attorney or attorneys on account of services rendered or advances made in connection with said claim. It shall be unlawful for any agent or agents, attorney or attorneys, to exact, collect, withhold or receive any sum which in the aggregate exceeds twenty per centum of the amount of any item appropriated in this bill on account of services rendered or advances made in connection with said claim, any contract to the contrary notwithstanding. Any person violating the provision of this act shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be fined in any sum not exceeding $1,000.00."

The appellant, in her answer, set out this provision of the act of Congress and pleaded that it was void and of no force and effect.

In so far as this provision of the act of Congress undertook to limit the amount of fees due a lawyer, under a contract entered into before the act was passed, it is clearly void. Moyers, et al. v. Fahey, 43 Wash. Law Rep. 691. By neither the Federal nor state law is the contract invalid. Section 3477, Revised Statutes of the United States; Nutt v. Knut, 200 U. S. 12; Downie Case, 218 U. S. 345; Ramsey v. Trent, 10 B. Mon. 336; Wilhite v. Roberts, 4 Dana 172.

The appropriation by Congress to pay this claim was not a bestowal of bounty, to which conditions as to its use by the recipient might be properly attached, but the payment was in settlement of a claim judicially determined to be just and rightfully due the claimant. It was his private property, to be used and enjoyed as he saw fit, under constitutional guaranty. In the same sense,

and to the same extent, the contract of employment and its obligations against O'Hara's estate were the property of Black. Congress was without power to dictate, upon the one hand, how the claimant should enjoy or use his property, when reduced to possession, or, upon the other hand, to deprive appellant's testator, arbitrarily and without due process, of his property rights in his contract, because to do either would violate the Fifth and Fourteenth Amendments to the Constitution, which provide, that no person shall be deprived of life, liberty, or property without due process of law.

In Allgeyer v. Louisiana, 165 U. S. 578, the court said:

"The liberty mentioned in that amendment means not only the right of the citizen to be free from the mere physical restraint of his person, as by incarceration, but the term is deemed to embrace the right of the citizen to be free in the enjoyment of his faculties; to be free to use them in all lawful ways; to live and work where he will; to earn his livelihood by any lawful calling; to pursue any livelihood or avocation, and for that purpose to enter into all contracts which may be proper, necessary and essential to his carrying out to a successful conclusion the purposes above mentioned."

While it is true the Congress is not prohibited, as are state legislatures, from enacting laws in impairment of contract obligations, and that such impairment has frequently resulted from its enactments, as is illustrated by the bankruptcy and legal tender laws, the former of which was an exercise of an express power, the latter, of an implied power, nevertheless Congress has no more power than the state legislature, designedly and for that sole purpose, to enact a law to impair the obligation of a contract, because such action is violative of the due process provision of the constitution. It is only in the legitimate exercise of its express or implied powers, that Congress may interfere with contract obligations. In no other sense has it implied authority for such action, and it has no express power.

When, however, it indirectly results from the legitimate exercise by Congress of any of its express or implied powers, that contract obligations are impaired, that fact does not vitiate the legislation, and this is necessarily so, for, were it otherwise, the mere existence of private contracts would often annul the constitution in its delega-

tion of powers to Congress necessary to the very existence of the government. Union Pacific R. R. Co. v. U. S. 99 U. S. 700; Knox v. Lee, 12 Wall 457; Bloomer v. Stalley, 5 McLean 158; Ballard v. Northern Pacific R. Co., 11 L. R. A. 246, and note.

The considered provision of the act was not an exercise of either an express or implied power of Congress, and was in contravention of a constitutional guaranty. It results, therefore, that the demurrer to appellant's answer should not have been sustained on account thereof.

3. After the money had been appropriated by Congress to pay this claim, James G. O'Hara, as administrator, upon demand, gave to appellant a power of attorney, enabling her to collect from the United States Government the twenty per cent. of the amount of the claim that the government was willing to pay to her under her testator's contract as attorney in the matter. Appellees alleged that appellant agreed to accept the twenty per cent. thus paid to her, in full settlement of all claims against the estate of Wm. O'Hara under the written contract, but that immediately after she collected from the government the twenty per cent., she demanded of appellees the remainder of the contract fee, and threatened suit therefor.

Appellant, in her answer, denied that she had agreed to accept the twenty per cent. in full of the amount due her under the contract, and alleged that she was at all times insisting upon payment by the administrator of that part of the contract fee not paid to her by the government. She does admit the acceptance from the government of the twenty per cent. of the amount of the claim, paid to her upon the authority of a power of attorney furnished to her by appellee, James G. O'Hara, as administrator; but that fact alone did not constitute an estoppel, and she denied specifically the contract of waiver alleged in the petition, although the contract, as alleged, is shown to be without valuable consideration; and the demurrer should not have been sustained to the answer upon the ground of either estoppel or waiver.

These are all of the objections urged against the sufficiency of appellant's pleading.

Wherefore, the judgment is reversed, with directions to overrule the demurrer to appellant's answer, and for further proceedings consistent herewith.