### Arnold's Admr. v. Calhoun.

(Decided November 2, 1917.)

### Appeal from Franklin Circuit Court.

Constitutional Law—Impairing Obligation of Contracts—Attorney and Client.—A contract made by an attorney to prosecute a claim against the United States government for a fee equal to fifty per cent of the amount recovered, is a valid and enforceable contract; and, an act of Congress appropriating money to pay the claim (which had theretofore been judicially determined to be valid), providing that it should be unlawful for the attorney to receive more than twenty per cent. of the amount appropriated, as an attorney fee, was, in so far as it attempted to limit the amount of the fee already earned, unconstitutional and invalid.

T. L. EDELEN for appellant.

J. P. HOBSON & SON and B. G. WILLIAMS for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

On August 1, 1905, Thos. N. Arnold, of Frankfort, employed the appellee, C. C. Calhoun, as his attorney to recover a claim which Arnold had against the United States government for the use of certain real estate and for the value of certain stores and supplies which had been seized and used by the federal government during the war between the states. The contract was in writing; and, by its terms Arnold agreed to pay Calhoun a fee equivalent in amount to fifty per cent. of whatever sum of money might be awarded or collected on account of the claim.

After suit had been filed in the United States court of claims, and practically prepared for trial, Thos. N.

Arnold died, and his administrator entered into a similar written contract with Calhoun by which he confirmed the contract which Thos. N. Arnold had made four years before. On January 15, 1912, Calhoun obtained a judg-. ment for Arnold's administrator for $5,015.00.

Provision was made for the payment of this claim in the appropriation act of Congress, approved March 4, 1915; and, by the fourth clause of that act it was further provided that no part of the amount of any item appropriated therein, in excess of twenty per cent. thereof, should be paid to or received by any attorney on account of services rendered in connection with the claim. Another clause of the act made it unlawful for any attorney to collect or receive exceeding twenty per cent. of the amount of any item named in the act, on account of services rendered in connection with its collection, and subjected the offender to a fine not exceeding the sum of $1,000.00.

The Secretary of the Treasury paid Calhoun twenty per cent. of the Arnold claim; and as Calhoun claimed the remaining thirty per cent., which was in the hands of Arnold's administrator, Arnold's widow brought this action against the administrator in the Franklin circuit court for the purpose of settling the question of the liability of Arnold's estate for the remaining thirty per cent. of Calhoun's fee.

Calhoun intervened in the action and made his answer a cross-petition against Arnold's administrator; and the circuit court having sustained Calhoun's claim and awarded him a judgment against the administrator for $1,505.04, the administrator appealed.

This case runs on all fours with Black v. O'Hara's Admr., 175 Ky. 623, where it was held that the act of Congress approved March 4, 1915, in so far as it attempted to limit the amount of a fee theretofore earned, was unconstitutional and invalid.

We have been urged to recede from the rule announced in Black v. O'Hara's Admr., *supra,* as being unsound in principle; but after a careful reconsideration of the reasoning by which the decision in that case is supported, we are satisfied of its soundness, and reaffirm it.

Judgment affirmed.