LAY ET AL. *v*. LAY ET AL.

[79 South, 291, Division B.]

1. CONSTITUTIONAL LAW. *United States. Contract for attorney fees. Due process.*

The act of Congress, March 4, 1915, section 4, prohibiting payment of attorney fees in excess of twenty per cent. of the amount collected on civil war claims, violates the fifth and fourteenth Amendment of the Constitution of the United States in so far as it relates to contracts for attorney fees, made and earned prior to its passage.

2. UNITED STATES. *Civil war claims. Contingent fee contracts.*

Contracts for contingent fees for the prosecution of civil war claims will be upheld if reasonable.

3. ATTORNEY AND CLIENT. *Corporation. Contingent fees. Reasonableness. Who may question.*

Parties who have no interest in the proceeds of a claim cannot question the reasonableness of a contingent fee contract for prosecution and collection thereof.

4. CLAIMS. *Assignments. Statutes. Application.*

U. S. Comp. St. 1916, section 6383 (Rev. St. U. S. section 3477), rendering void all assignments of claims against the United States made prior to allowances of claims and issue of warrant therefor, is not controlling in a suit between the heirs of a deceased claimant, and of a deceased assignee after payment of claim to claimant's administrator.

5. ESTOPPEL. *Prejudice.*

In a suit by the heirs of a deceased claimant to recover money paid to her administrator by the United States on a Civil War claim, the fact that the assignee of the claim prosecuted it in the name of the deceased and as her claim, did not estop the heir from claiming the funds; it being to the interest of all parties that the claim be prosecuted.

APPEAL from the chancery court of Scott county.
HON. G. C. TANN, Chancellor.

Suit by J. F. Day and others against R. C. Lay and others. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Watkins & Watkins* and *Whitfield & Whitfield,* for appellant.

*W. I. McKay,* for appellees.

STEVENS, J., delivered the opinion of the court.

This appeal is prosecuted from a decree of the chancery court of Scott county awarding to the appellees two thousand two hundred forty-three dollars and twenty cents, now in the hands of R. C. Lay, as administrator *de bonis non* of the estate of Mrs. Nancy Lay, deceased. About the year 1870, Mrs. Nancy Lay, a resident of Scott county, departed this life leaving an unsatisfied claim against the United States government for the destruction of certain of her property by federal soldiers during the Civil War. During the life of Nancy Lay she asserted her claim against the United States government and employed one T. B. Johnson, an attorney, to represent her; but for some reason Nancy Lay declined to prosecute her claim further at her own

expense and preferred to assign and did elect to assign and give her claim to her grandson, R. M. Lay, Jr., then a young man who had formerly been taken into her home as a member of her household. We shall not here state or analyze the facts in reference to this assignment. This is due to the fact that the transcript of the stenographer's notes has, by motion of the appellees, been stricken from the record, and, while there are certain depositions left in the record, it yet remains that all the facts before the chancellor are not now lawfully a part of the record, and we must look to the findings of fact and the conclusions reached by the chancellor in his final decree. The decree shows upon its face that the issues presented to the chancellor were heard upon the pleadings and upon "depositions and oral testimony," and the decree recited in part that:

"It appearing to the court that during the late Civil War there accrued to the said Nancy Lay, now deceased, a claim against the United States for the value of certain of her property taken or destroyed by the Union or Federal army; that prior to her death the said Nancy Lay assigned and transferred her said claim against the said United States to her grandson, R. M. Lay, Jr.; that after the death of said Nancy Lay, her said grandson, R. M. Lay, Jr., was appointed and qualified as the administrator of the estate of his said grandmother, the said Nancy Lay, deceased," etc.

The decree recites that a suit in the court of claims was prosecuted to a successful termination, and that the attorneys employed to do the work were King & King of Washington. The court of claims allowed and paid the sum of two thousand eight hundred four dollars. Congress, in appropriating the money to pay the judgment, provided by Act Cong. March,

4, 1915, chapter 140 section 4, 38 Stat. 996, as follows:

"That no part of the amount of any item appropriated in this bill in excess of twenty per centum thereof shall be paid or delivered to or received by any agent or agents, attorney or attorneys on account of services rendered or advances made in connection with said claim."

The written contract for the employment of King & King provided for the payment of "a fee equal to fifty per cent. of the amount which may be allowed on said claim;" but on account of said section of the act only twenty per cent. was paid direct to the attorneys, and the balance, two thousand two hundred forty-three dollars and twenty cents, was paid to the administrator *de bonis non* and accounted for in his final account. The final account asked the chancellor to direct how and to whom these funds should be paid. In addition to the presentation of the final account, certain heirs at law and devisees of Nancy Lay, the deceased, filed their original bill of complaint in this cause claiming the funds in question under the residuary clause of the last will and testament of Nancy Lay. The heirs of R. M. Lay, Jr., answered this bill and made their answer a cross-bill, in which they claim the funds under the gift and assignment executed by Nancy Lay to the said R. M. Lay, Jr. Without a further statement of the pleadings or the relationship of the parties, it may be stated briefly that there are two questions presented by this appeal.

First, the validity of the assignment by Nancy Lay to her grandson is attacked as being in violation of section 6383, United States Compiled Statutes, annotated, formerly Revised Statutes, section 3477, being in the following words:

"All transfers and assignments made of any claim upon the United States, or of any part or share thereof, or interest therein, whether absolute or conditional, and whatever may be the consideration therefor, and all powers of attorney, orders, or other authorities for receiving payment of any such claim, or of any part of share thereof, shall be absolutely null and void, unless they are freely made and executed in the presence of at least two attesting witnesses, after the allowance of such a claim, the ascertainment of the amount due, and the issuing of a warrant for payment, thereof. Such transfers, assignments and powers of attorney must recite the warrant for payment, and must be acknowledged by the person making them, before an officer having authority to take acknowledgments of deeds, and shall be certified by the officer; and it must appear by the certificate that the officer, at the time of the acknowledgment, read and fully explained the transfer, assignment, or warrant of attorney to the person acknowledging the same."

It is also claimed that the heirs at law of R. M. Lay, Jr., are now estopped to claim the funds because of the fact that R. M. Lay, Jr., in his lifetime prosecuted the claim against the government in the name of Mrs. Nancy Lay; that he made affidavits that Nancy Lay was the owner of the claim and represented to and contended before the court of claims that she was the unconditional owner.

The second point presented by the appeal is the validity of the claim of King & King and Judge Paul B. Johnson, son of the Mr. Johnson first employed as attorney, for a balance of thirty per cent. of the funds as attorney's fees. The contract for the employment of the attorneys was executed in writing by R. M. Lay, Jr., as the lawful administra-

tor of Nancy Lay, and after his death the contract was renewed by R. C. Lay, as administrator *de bonis non.* By both of these contracts the attorneys were to receive fifty per cent. of the amount allowed and collected. It is conceded that the attorneys prosecuted the claim with diligence and ability, but recovery was denied by the learned chancellor because of the act of Congress quoted in part above. The court also held that R. M. Lay, Jr., and his heirs, were estopped to claim the funds notwithstanding the gift and assignment. So it is that the facts have been settled by the chancellor, and the questions presented to us are purely questions of law.

We shall first discuss and dispose of the question of attorney's fees. Appellants contend that section 4 of the act is unconstitutional and void, being in derogation of appellees' liberty of contract without due process of law and operating to deprive appellees of their property and the fruits of their lawful contract without due process of law. It is also contended that the attorneys, who are appellants herein, have an equitable lien upon the funds produced by their professional labors and by the expenditure of their time and money. It is nowhere shown that the contract made with the attorneys is invalid, although the contention is made that the amount of the fee is unreasonable and that the contract violates section 4 of the act of Congress making the appropriation. If the administrator would have been justified in paying this claim and taking credit therefor, then the allowance would now be proper. It appears that the real obstacle in the way of the allowance is the act of Congress, and this brings us to the constitutionality of this statute. Without attempting a reasoned opinion upon this subject, we are satisfied with the conclusions reached by the supreme courts of Tennessee, Kentucky, and of the

District of Columbia. Section 4 of the act has been declared unconstitutional in the following cases: *Moyers* v. *Fahey,* 43 Wash. Law Rep. 691; *Newman* v. *Moyers,* 45 Wash. Law Rep. 774; *Moyers* v. *Memphis,* 135 Tenn. 263, 186 S. W. 105; *Black* v. *O'Hara,* 175 Ky. 623, 194 S. W. 811. The same result has been reached by certain other courts of original jurisdiction. In *Newman* v. *Moyers and Consaul, supra,* the court of appeals of the District of Columbia observed in a case dealing with the identical question:

"When Congress attempted to reduce the fee called for by plaintiffs' contract, it amounted to taking their property, due them under a private valid contract, and handing it over to another. If this is not deprivation of liberty and property without due process of law, it would be difficult to conceive of a case where the inhibition of the Constitution would apply. . . . It is difficult to conceive of a more dangerous or tyrannical system of government than that which would logically spring into existence if the legislative fiat were held to be supreme."

In the case of *Black* v. *O'Hara,* decided May 15, 1917, the Kentucky court said:

"Congress was without power to dictate, upon the one hand, how the claimant should enjoy or use his property, when reduced to possession, or, upon the other hand, to deprive appellant's testator, arbitrarily and without due process, of his property rights in his contract, because to do either would violate the Fifth and Fourteenth Amendments to the Constitution, which provide that no person shall be deprived of life, liberty, or property without due process of law. . . . The considered provision of the act was not an exercise of either an express or implied power of Congress, and was in contravention of a constitutional guaranty."

The observations of the supreme court of the United States in the case of *Allgeyer* v. *Louisiana,* 165 U. S. 578, 17 Sup. Ct. 427, 41 L. Ed. 832, defining the meaning of the word "liberty" as employed in the federal Constitution, are pertinent to the present inquiry. The validity of contingent fee contracts has been upheld by our courts, state and federal. ·

As to the reasonableness of the fee, there is nothing in the record to show that the allowance would be excessive. The amount of the fee was satisfactory to R. M. Lay, Jr., who himself entered into the written contract; and, under the view which we entertain of the other point argued, we do not think appellees are in position to question the amount. We conclude therefore that the attorneys are entitled to their balance of thirty per cent. in accordance with the terms of the written contract.

As between the parties to this suit, the rival claimants of the net funds, after attorney's fees and expenses have been paid, we conclude that the heirs at law of R. M. Lay, Jr., should recover. We repeat that the chancellor found as a fact that Nancy Lay in her lifetime assigned and transferred her interest in the claim to R. M. Lay, Jr. We assume that he was fully warranted by the testimony in so finding. The federal statute rendering null and void all transfers and assignments of a claim against the United States prior to the time such claim is allowed and warrant issued therefor is not controlling as between appellants and appellees. As stated by our own court in *Fewell* v. *American Surety Co.,* 80 Miss. 782, 28 So. 755, 92 Am. St. Rep. 625:

"The United States is not interested in this litigation. The contract was fully executed so far as the government was concerned. . . . The primary

purpose of these statutes is to protect the government, and they cannot be relied upon for protection by parties situated as the appellees are''—citing *Goodman* v. *Niblack,* 102 U. S. 556, 26 L. Ed. 229; *Bailey* v. *United States,* 109 U. S. 432, 3 Sup. Ct. 272, 27 L. Ed. 988; *Hobbs* v. *McLean,* 117 U. S. 567, 6 Sup. Ct. 870, 29 L. Ed. 940; *Freedman's Savings Co.* v. *Shepherd,* 127 U. S. 494, 8 Sup. Ct. 1250, 32 L. Ed. 163; *York* v. *Conde,* 147 N. Y. 486, 42 N. E. 193, approved in 168 U. S. 642, 18 Sup. Ct. 234, 42 L. Ed. 611.

All of these authorities are in point and have been referred to with approval by our own court. They settle the question that the federal statute has no application between the contesting claimants of the funds, the United States government being in no way a party or interested in the result. See, also, *Burnett* v. *Mayor and Aldermen of Jersey City,* 31 N. J. Eq. 341; *Hawes & Co.* v. *Trigg,* 110 Va. 165, 65 S. E. 538; *Farmers' National Bank* v. *Robinson,* 53 Pac. 762[1]; *Jernegan* v. *Osborn,* 155 Mass. 207, 29 N. E. 520. The primary object of the statute was to prevent fraud against the United States, and the government can always rely upon the statute in any case where it is directly interested. Here the government has allowed the claim, made an appropriation therefor, and fully paid the judgment rendered by the court of claims. The funds are now under the jurisdiction of our state court, and the equitable and legal rights of the parties must govern. We do not think the appellants are estopped to claim the funds. Our court has many times declared the essential elements of estoppel. There is no showing whatever that the mere presentation of this claim, first in the name of Mrs. Nancy Lay, and thereafter in the name of her administrator, prejudiced the rights of appellees in any manner or to any extent. The position assumed to R. M. Lay, Jr., in his lifetime, did

not cause appellees to change their position to their hurt or injury and did not operate to deprive them of any of their rights. If there was a valid claim, it was to the interest of all parties concerned to have that claim prosecuted and allowed. This R. M. Lay, Jr., did. Now that the claim has been paid, the sole question before us is one of real ownership, and in answering this question the equitable and legal rights of the parties, unaffected by federal statute, must govern.

The facts being settled, there is no occasion to remand this cause for further proceedings. We direct that decree be entered here dismissing the bill of complaint exhibited by appellees; that the cross-bill of appellants be sustained; that the attorneys, King & King and Paul B. Johnson, be given a decree for the balance of their attorney's fees; that the cost of this appeal be paid out of any moneys now in the hands of the administrator; and that the net proceeds of the fund in question be paid over to the heirs at law of R. M. Lay, Jr., in accordance with the views expressed in this opinion.

*Reversed, and decree here for appellants.*