# PETRI *v.* F. E. CREELMAN LUMBER COMPANY.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF ILLINOIS.

No. 49.   Argued November 7, 1905.—Decided December 4, 1905.

Where it is plainly apparent on the record that the only matters tried and decided in the Circuit Court were demurrers to pleas to the jurisdiction, and the petition upon which the writ of error was allowed asked only for the review of the judgment which decided that the court had no jurisdiction, no bill of exceptions or formal certificate in respect to the matter decided is required and the writ of error will not be dismissed because authenticated

by a judge other than the trial judge and not made at the term in which the judgment was entered.

The rule that repeals by implication are not favored and a repeal will not be implied unless there be an irreconcilable conflict between the two statutes applies especially where the prior law is a special act relating to a particular case or subject and the subsequent law is general in its operation.

The special provisions of the act of March 2, 1887, 24 Stat. 442, relating to judicial districts of Illinois, were not repealed by the general terms of the Judiciary Act of March 3, 1887, 24 Stat.

PLAINTIFFS in error, suing as aliens and residents of Antwerp, Belgium, commenced this action in the Circuit Court of the United States for the Northern Division of the Northern District of Illinois, to recover damages for an alleged libel. Two Illinois corporations and a number of persons were made defendants. The bill as to the corporations alleged citizenship in Illinois, and, as to all the defendants, except the Creelman Lumber Company and F. E. Creelman, one of the individual defendants, the bill alleged that the defendants resided in the district and division where the suit was brought. The Creelman Lumber Company and F. E. Creelman filed pleas to the jurisdiction of the court, based upon the fact that each of them, before and at the time of the commencement of the suit, although citizens of the State of Illinois, were residents of a different district from the one in which the suit was brought, that is, the Southern District of Illinois. To these pleas the plaintiffs demurred, and, on a hearing, a District Judge, holding the Circuit Court, overruled the demurrers, and held the pleas to the jurisdiction good. The plaintiffs electing to stand upon their demurrers to the pleas, the action as to the defendants in question was dismissed for want of jurisdiction. Some time afterwards a bill of exceptions was signed by a Circuit Judge, in which was recited the action taken by the trial court upon the demurrer to the jurisdictional pleas aforesaid, and the cause was taken to the Circuit Court of Appeals. That court, however, dismissed the writ of error, and on the receipt of its mandate, about a year after the entry of the judgment of dismissal above referred to, there was filed in the trial court

a certificate of the Circuit Judge, in which was set out the proceedings had in the cause, and it was certified, for the purpose of a writ of error from this court, that the only question involved in such writ of error was one of jurisdiction.- It was also certified that the judge who had heard the cause resided in the Southern District of Illinois, and was not within the territorial limits of the Northern District of Illinois. Cotemporaneous with the filing of the certificate a writ of error was allowed, and in the petition and assignments of errors it clearly appeared that the writ of error was prosecuted solely upon the question of jurisdiction arising from overruling of the demurrers to the pleas to the jurisdiction.

· *Mr. Consider H. Willett* for plaintiffs in error submitted:

Plaintiffs being aliens, having a cause of action against defendants, citizens of Illinois, some residing in the Northern Division of the Northern District of Illinois where suit was brought, a duplicate summons could issue to defendants residents of the Southern District of Illinois. *T. &c., R. R.* v. *Atl. &c. R. R.,* 49 Fed. Rep. 608; *Goddard* v. *Mailler,* 80 Fed. Rep. 422; *Steel & Iron Co.* v. *Chormann,* 105 Fed. Rep. 532; Hughes Fed. Pro., 234.

Rev. Stat. § 740, § 1 of the act of May 4, 1858, 11 Stat. 272, is still in force and effect, and authorized and justified the procedure adopted, and gave the court jurisdiction of the defendants by virtue of the service on them of the duplicate writ. See also act of March 2, 1887, amending § 536, Rev. Stat.; *United States* v. *Fisher,* 109 U. S. 143; and the act of August 13, 1888, 25 Stat. 433.

The fact that the first statute is special and the later statutes are general creates a presumption that the first special statute is to be construed as remaining an exception to the general statutes, such general statutes making no provision for the particular case where more than one defendant are parties to a suit. *Pearce* v. *Bank,* 33 Alabama, 693; *McFarland* v. *Bank,* . 4 Arkansas, 410; *Thorp* v. *Adams,* L. R. 5 C. P. 125; *Fitzgerald*

v. *Champenys*, 30 L. J. N. S. Eq. 782; *State* v. *Rackley*, 2 Indiana, 249; *Stockett* v. *Bird*, 18 Maryland, 484, 489; *Crane* v. *Reeder*, 22 Michigan, 322; *Fosdick* v. *Ferrysburg*, 14 Ohio St. 472; *Brown* v. *County Commissioners*, 21 Pa. St. 37; *Rounds* v. *Waymart Borough*, 81 Pa. St. 395; *Harrisburg* v. *Sheck*, 194 Pa. St. 53; *Morrison* v. *Fayette Co.*, 127 Pa. St. 110; *Murdock's Petition*, 149 Pa. St. 341; *Ex parte Crow Dog*, 109 U. S. 556; *Rodgers* v. *United States*, 185 U. S. 83.

Rev. Stat., § 740, was not repealed by implication by the act of March 3, 1875, 18 Stat. 470. Nor by the act of March 3, 1887, 24 Stat. 552, 555, nor by the act of August 13, 1888, 25 Stat. 433, 437. *M'Micken* v. *Webb*, 11 Pet. 25; *Phillips* v. *Moore*, 100 U. S. 208; *United States* v. *Mooney*, 116 U. S. 104; *Ames* v. *Hager*, 30 Fed. Rep. 129; *E. Tenn., Va. & Ga. R. R.* v. *Atlanta & Fla. R. R.*, 49 Fed. Rep. 608; *Goddard et al.* v. *Mailler et al.*, 80 Fed. Rep. 422.

No statute has attempted to expressly repeal the applicable provisions of the statute and the proper mode of practice is thereby provided. *Henderson's Tobacco*, 11 Wall. 652.

Where several affirmative statutes relate to the same subject matter, but have different objects, none is repealed, but all stand. *Gibson* v. *Ackerman*, 70 Ill. App. 399; *Casey* v. *Harned*, 5 Clark (Ia.), 1; *Deposit Co.* v. *Frick*, 152 Pa. St. 231; *Mills* v. *State*, 23 Texas, 235; *United States* v. *Claflin*, 97 U. S. 546; *People* v. *McAllister*, 10 Utah, 357; *Re Garnett*, 11 Utah, 289.

Repeals by implication are not favored. *Connor* v. *So. Express Co.*, 37 Georgia, 397; *Bruce* v. *Schuyler*, 4 Gilm. (Ill.) 221; *People* v. *Barr*, 44 Illinois, 198; *Casey* v. *Harned*, 5 Clark (Ia.), 1; *Goddard* v. *Boston*, 37 Massachusetts (20 Pick.), 407, 410; *McCartee* v. *Orphan Asylum So.*, 9 Cowen, 437; *Dodge* v. *Gridley*, 10 Ohio St. 173; *Wood* v. *United States*, 16 Pet. 342; *McCord* v. *Smith*, 1 Black, 459; *Arthur* v. *Homer*, 96 U. S. 137; *Red Rock* v. *Henry*, 106 U. S. 596; *Ex parte Crow Dog*, 109 U. S. 556; *Cope* v. *Cope*, 137 U. S. 682; *Frost* v. *Wenie*, 159 U. S. 46; *United States* v. *Healey*, 160 U. S. 136, 147; *United States* v. *New York*, 160 U. S. 598, 609; *United States* v. *Great-*

*house*, 166 U. S. 601, 605; *United States* v. *Lee Yen Tah*, 185 U. S. 213.

*Mr. David S. Lansden* with whom *Mr. John M. Lansden, Mr. Angus Leek* and *Mr. M. Paul Noyes* were on the brief, for defendants in error:

The act of March 3, 1875, determining the jurisdiction of Circuit Courts, 18 Stat. 470, is a general independent act intended to recast the jurisdiction of the Circuit Courts, and repealed § 740, Rev. Stat., providing that if there were two or more defendants, residing in different districts of a State, a suit not of a local nature might be brought in a district where one of the defendants resided and a duplicate writ issued to the marshal of any other district in which any defendant resided. See also further restriction by the act of March 3, 1887, 24 Stat. 552, as corrected by the act of August 13, 1888, 25 Stat. 433.

Defendants in error are inhabitants of the Southern District of Illinois and were served with process in that district. The plaintiffs in error are aliens. The defendants in error, therefore, could not be sued in the Northern District of Illinois, in which district this suit was brought, although the other defendants were residents of said Northern District. *McCormick Co.* v. *Walthers*, 134 U. S. 41; *Denton* v. *International Company*, 36 Fed. Rep. 1; *Smith* v. *Lyon*, 133 U. S. 315; *Greeley* v. *Lowe*, 155 U. S. 58; *Construction Co.* v. *Gibney*, 160 U. S. 217; *New Jersey Steel & Iron Co.* v. *Chormann*, 105 Fed. Rep. 532; *Jenkins* v. *York Cliffs Co.*, 110 Fed. Rep. 807; *Freeman* v. *American Surety Co.*, 116 Fed. Rep. 549; *French* v. *Spencer*, 21 How. 228; *Gibson* v. *United States*, 194 U. S. 182; *M'Iver* v. *Ragan*, 2 Wheat. 25; *Denn* v. *Reid*, 10 Pet. 524; *United States* v. *Goldenberg*, 168 U. S. 95; Potter's Dwarris, 221; *Hankins* v. *The People*, 106 Illinois, 628; Cooley, Const. Lim. 64; Sutherland, Stat. Con. § 328; *Hamilton* v. *Rathbone*, 175 U. S. 414; *Harwood* v. *Wentworth*, 162 U. S. 547; *National Bank* v. *Guthrie*, 173 U. S. 528; *Waite* v. *Santa Cruz*, 184 U. S. 302; *Arms* v.

*Ayer,* 192 Illinois, 601; *Louisville Water Co.* v. *Clark,* 143 U. S. 1; *Rodgers* v. *United States,* 185 U. S. 83.

MR. JUSTICE WHITE, after making the foregoing statement, delivered the opinion of the court.

A motion to dismiss the writ of error first requires our attention. It is urged that the writ should be dismissed because the bill of exceptions filed below and the certificate made as to the question of jurisdiction on this writ of error were authenticated by a judge other than the trial judge, and further, because the certificate was not made at the term in which the judgment complained of was entered. We are relieved, however, from the necessity of considering these objections, for the reason that the judgment of dismissal and the prior proceedings clearly exhibit the ground upon which the judgment was based, and plainly make apparent on the record the fact that the only matter tried and decided in the Circuit Court were demurrers to pleas to the jurisdiction, and that the petition upon which the writ of error was allowed asked only for the review of the judgment, which decided that the court had no jurisdiction of the action. This being the state of the record, no bill of exceptions or formal certificate in respect to the matter decided was required, and the question of jurisdiction alone was sufficiently certified to this court, as required by the act of March 3, 1891. 26 Stat. 826, 828, c. 517, sec. 5; *Interior Construction & Improvement Company* v. *Gibney,* 160 U. S. 217, and cases cited; *Chappell* v. *United States,* 160 U. S. 499, 507.

We pass then to a consideration of the merits. The plaintiffs in error insist that the Circuit Court for the Northern Division of the Northern District of Illinois had jurisdiction over the defendants, who, being citizens of Illinois, were residents of the Southern District of that State, because such jurisdiction was expressly conferred by section 740, Rev. Stat., and by the terms of a special act relating to the judicial dis-

tricts in Illinois, approved March 2, 1887.   24 Stat. 442.   On the contrary, in effect, the defendants in error maintain that the court below rightly held that it had no jurisdiction over the defendants who resided in the Southern District of Illinois, because section 740 of the Revised Statutes had been repealed by the Judiciary Acts of March 3, 1875, 18 Stat. 470, and March 3, 1887, 24 Stat. 552, as corrected by the act of August 13, 1888, 25 Stat. 433, and because no such jurisdiction was given by the special act of March 2, 1887, and if it was conferred by that act, the act was repealed by the Judiciary Act of March 3, 1887.

In order, as far as may be, to narrow the question for decision to the case before us, we shall come first to consider the contentions concerning jurisdiction, based on the special act of March 2, 1887, which deals alone with the State of Illinois, since, if we conclude that that act gave the jurisdiction and has not been repealed, we will be relieved of the necessity of determining whether the general provision (Rev. Stat. 740), applicable to all States having more than one judicial district, is yet in force.

In approaching the consideration of the special act relating to the Illinois districts we shall assume, for the purposes of such consideration, that the provisions of section 740, Rev. Stat., were repealed by any or all of the Judiciary Acts of March 3, 1875, and the act of March 3, 1887, as corrected by the act of August 13, 1888.

In coming to consider the special act two questions arise: 1. Did the terms of that act give jurisdiction to the Circuit Courts of the United States in Illinois as to all the defendants in a civil action where there were two or more such defendants residing in different districts of the State? 2. If the act conferred such jurisdiction, was it repealed at the time of the bringing of the action?

First. The special act of March 2, 1887, was entitled, "An act to amend section 536 of the Revised Statutes of the United States, relating to the division of the State of Illinois into

judicial districts." At the time of the passage of this special act there were two judicial districts in the State of Illinois, the Northern and the Southern. The first section of the act took certain counties from the Southern District and added them to the Northern District. The second section divided the Northern District as enlarged into two divisions. The third section fixed the place and times of holding courts in said divisions of the Northern District. The fourth section, relating to jurisdiction, was as follows:

"Sec. 4. That all civil suits not of a local nature, and criminal prosecutions, must be brought in the division of the said Northern District of Illinois where the defendant or defendants reside or the offense is committed; but if there are two or more defendants in civil suits residing in the different divisions or districts the action may be brought in either in which either of the defendants may reside. When the defendant is a non-resident of the district, action may be brought in either division of said district wherein the defendant may be found."

The remaining sections contain provisions rendered necessary by the change in both districts and the subdivision of the Northern District.

The first part of the opening sentence of section 4 clearly lays down the general rule controlling suits against residents of the Northern District, and directs in what division of that district suit may be brought. This general rule being thus laid down, the sentence proceeds to carve out an exception in the following language: ". . . but if there are two or more defendants in civil suits residing in different divisions or districts, the action may be brought in either in which either of the defendants may reside.". In other words, the exception plainly confers jurisdiction, in the cases for which it provides, upon the courts of either district, and as to such exception gives the right to bring the suit in either district, and if brought in the Northern District requires it to be brought in the division of that district in which one of the defendants resided. The

text making this provision is free from ambiguity, and, if its plain import be followed, is decisive. But the argument is that the words "or district," contained in the sentence, were manifestly a mistake, and should be read "of the district," so as to cause the sentence to read as follows: "but if there are two or more defendants in civil suits residing in the different divisions of the district, the action may be brought in either in which either of the defendants may reside." To adopt this view, however, would compel us to strike out the word "or" and insert in its stead the words "of the," and to strike out the word "districts" and insert in its stead the word "district." To do this would be not interpretation, but legislation. It is insisted, however, that this would not be the case, because to thus restrict the section in question is compelled by a consideration of the subject with which it dealt and the purpose which Congress had in mind in enacting the statute; that is to say, the argument is that, as by the act the purpose of Congress was only to divide the Northern District of Illinois into two divisions and to deal exclusively with the district thus subdivided, therefore the words used must be construed so as to cause them to relate exclusively to such subject matter. This argument, however, misconceives the avowed purpose of the act as shown by its title and its context. The title, as we have seen, expressly purported to deal with and amend the section of the Revised Statutes creating two judicial districts in Illinois, and the very first section of the act dealt with the Southern as well as with the Northern District. And that the mind of Congress was addressed to the existence of two districts in the State, and that the wisdom of legislating on that basis was present to its mind, is shown, not only by the provisions in question, but by the subsequent sections of the act, wherein frequent mention is made of both districts.

And the error of the assumption, that because the act of Congress primarily provided for the division of the Northern District, therefore that body could not have contemplated a provision concerning the right of election to bring a suit in

either of the districts of the State where two or more defendants resided in the different districts, is refuted by legislation enacted at the same session of Congress in which the Illinois act was passed—that is, by an act approved February 28, 1887,—two days before the approval of the Illinois act dividing the Eastern and Western Districts of Missouri into divisions, in which act it was provided in the fourth section as follows, 24 Stat. 424, 425:

"SEC. 4. That hereafter all suits to be brought in the courts of the United States in Missouri, not of a local nature, shall be brought in the division having jurisdiction over the county where the defendants, or either of them, reside; but if there be more than one defendant, and a part of them reside in different divisions or districts of said State, the plaintiff may sue in either division of either district where one of such defendants resides, and send duplicate writs to the other division or district directed to the marshal of said district, on which said writs shall be indorsed, by the plaintiff or his attorney, that the same is a duplicate of the original writ sued out of the court of the proper division and district. . . ."

Now, it will be observed that Congress in this provision uses the very words found in the Illinois act, accompanied with such directions as to service of process as leaves no possible room for contention that the words "division or district" were used by Congress as synonymous and without a comprehension of the plain distinction which existed between them. And, as we shall proceed hereafter to demonstrate, the prior and subsequent legislation of Congress relating to the division of States into judicial districts, or of a judicial district into divisions, all demonstrate that in enacting such legislation Congress usually deemed it wise to provide for joining in a single action in either district a number of defendants residing in the particular State, but in different districts thereof.

Holding, as we do, that the special act of 1887, as to Illinois, conferred jurisdiction upon a court of either district in a civil cause wherein two or more defendants resided in different

districts in the State, we are brought to consider the second question, which is, was the act in question repealed by the act of March 3, 1887, as corrected by the act of August 13, 1888?

As previously said, we assume, for the purposes of the argument, that the effect of the Judiciary Act of March 3, 1875, was to repeal section 740, Rev. Stat., conferring in general terms throughout the United States the character of jurisdiction referred to, and we also concede, for the sake of the argument, that if the act of 1875 had not caused a repeal of section 740, the act of March 3, 1887, as corrected by the act of August 13, 1888, did so. Does it follow from these concessions, however, that the Judiciary Act of March 3, 1887, as corrected, repealed the special act, which was approved only one day before the approval of the Judiciary Act of 1887?

Undoubtedly the act of 1887, in the first section thereof, declared the general rule to be that no civil suit should be thereafter brought in a Circuit or District Court by any original "process of [or] proceeding" in any other district than that whereof the defendant was an inhabitant, and that where the jurisdiction was founded only on the fact that the action was between citizens of different States, suit should be brought only in the district of the residence of either the plaintiff or defendant. So, also, the act contained a general clause repealing all laws and parts of laws in conflict with the provisions of the act.

It is elementary that repeals by implication are not favored, and that a repeal will not be implied, unless there be an irreconcilable conflict between the two statutes. And especially does this rule apply where the prior law is a special act relating to a particular case or subject and the subsequent law is general in its operation. To hold, then, that the general terms of the act of 1887 repealed the special and particular provisions of the act of 1887, relating to the districts in Illinois, we must conclude that there was such conflict between the two that it cannot reasonably be inferred that Congress intended that the two should coexist.

The conclusion, in effect, therefore, would have to be that it cannot be supposed that Congress intended, when it legislated generally concerning the jurisdiction of the courts of the United States, to leave in force a special act as to the districts in Illinois, which would take those districts out of the general rule otherwise governing elsewhere. But to adopt this proposition would compel us to ignore the entire course of legislation by Congress concerning the courts of the United States from the beginning, both prior to and after the adoption of the general act of 1887. By the original Judiciary Act (1 Stat. 73, 79) suits were permitted to be brought, either in a Circuit or District Court, in the district whereof the defendant was an inhabitant or wherein he was found at the time of serving the writ. Each State then practically constituted a single judicial district. Whilst this general provision was in force many special acts were passed by Congress creating more than one district in a State, and providing that where a suit was brought against two or more defendants residing in different districts in a State, the plaintiff might sue in either district. See act of June 18, 1838, sec. 4, as to Mississippi districts, 5 Stat. 248; act of January 18, 1839, sec. 7, as to Tennessee, 5 Stat. 314; act of February 6, 1839, sec. 5, as to Alabama, 5 Stat. 315; act August 11, 1848, sec. 5, as to Georgia, 9 Stat. 281; act March 3, 1849, sec. 3, as to Iowa (State made into divisions), 9 Stat. 411; and act February 10, 1855, sec. 9, as to Ohio, 10 Stat. 606.

If the theory of irreconcilability between such statutes and the existence of a general provision to the contrary necessarily involved in the argument to establish that the special Illinois statute was repealed by the act of 1887 be sound, it must follow that either these special acts, passed long after the Judiciary Act of 1789, never took effect, or that the consequence of their passage was to destroy the provision of the Judiciary Act, prescribing the place where civil suits might be brought, which, of course, is an impossible hypothesis.

Now, it was not until May 4, 1858 (11 Stat. 272), that a

general law was passed, making a provision like unto that contained in the special acts to which we have referred, of general application throughout the United States; and it was this general provision which was subsequently incorporated into section 740, Rev. Stat. And, even after the passage of the act of 1858, in at least one special act, Congress incorporated a like provision to that we have been considering. Act February 24, 1863, sec. 9, as to Michigan, 12 Stat. 662.

And the refutation of the argument of inherent incompatibility between a general rule regulating jurisdiction and a special act departing from that rule as to a particular State which results from a consideration of the legislation of Congress from the beginning to the time of the adoption of the act of 1875, likewise results from a consideration of the legislation since that act. Thus, under the contention, which we have assumed to be sound, the effect of the passage of the act of 1875 was to repeal the provisions of section 740, Rev. Stat. This being the case, it resulted that the act of 1875 announced the general rule as to jurisdiction, which was in conflict with the rule theretofore generally prevailing under the terms of section 740, Rev. Stat. But that Congress did not deem that a special provision as to a particular State or States was irreconcilable with the existence of the general rule, is conclusively shown by the fact that after the adoption of the act of 1875 various special acts were passed dividing particular States into two or more districts, or dividing a district or districts into divisions, and expressly declaring that in civil suits, not of a local nature, two or more citizens of the State might be joined as defendants, although residing in different districts of the State, and that suit might be brought in either district. See act as to Louisiana, 1881, 21 Stat. 507, sec. 2; as to Mississippi, 1882, 22 Stat. 102, sec. 3; as to Missouri, Feb. 28, 1887, sec. 4, 24 Stat. 425. To which may be added the statute relating to Illinois, which we are considering.

Indeed, the legislation of Congress since the passage of the act of 1887, under the hypothesis of the repeal of section 740,

Rev. Stat., by that act, also demonstrates that it was considered that the passage of a special statute as to a particular State, vesting jurisdiction in the courts of either district within the State, where two or more defendants resided in different districts therein, was not irreconcilable with the existence of a general rule to the contrary in a statute having a general operation. This is shown by the fact that a special law of the character stated has been enacted as recently as 1894. Act as to Mississippi, 28 Stat. 115, sec. 4. The subject matter dealt with by that act—viz., the division of a judicial district of Mississippi into minor subdivisions—is like unto the Illinois act which we are considering, and the identical language used in the Illinois act, "division or district," is also found in the Mississippi act, accompanied, however, with a provision leaving no possible room to contend that it was not the intention of Congress to allow the joinder in one action of defendants residing in different districts within the State. Section 4 of the act reads as follows:

"SEC. 4. That if there be more than one defendant in a cause and the defendants reside in different divisions of the said Southern District, or any of the defendants reside in the Northern District, the plaintiff may sue in either division or district where any defendant resides, and send duplicate writs for the other defendant or defendants [to] the other division or district where such defendant or defendants reside, and said writs when executed and returned into the court from which they issued shall constitute one suit and be proceeded in accordingly."

Concluding, as we do, that the special act of March 2, 1887, relating to the judicial districts of Illinois, was in force at the time of the bringing of this action and still remains in force, and that by the terms of section 4 of the act and under the pleadings in the action jurisdiction was conferred upon the Circuit Court of the Northern Division of the Northern District of Illinois over all the defendants named in the declaration, as well those residing in the Southern District as those residing

in the Northern District of Illinois, it follows that the court below erred in overruling the demurrers to the pleas to the jurisdiction and rendering judgment of dismissal, and such judgment must, therefore, be reversed and the cause remanded for further proceedings.

*Reversed.*