Atkinson, J.,
delivered the opinion of the court:
The Secretary of the Navy states the facts of the case thus:
“Walter J. Sears, prior to the 30th day of June, 1905, was a lieutenant commander on the active list of the Navy, with more than 20 years’ service, and was, from that date, transferred to the retired list of officers of the Navy, in *106 accordance with the provisions of section 8 of the act of Congress approved March 3, 1889, commonly known as the ‘Navy personnel act,’ with the rank and three-fourths of the sea pay of the next higher grade, i. e., that of commander in the Navy. By orders issued by the Secretary of the Navy, under date of September 5, 1905, he was assigned to duty as inspector of ordnance, etc., with headquarters at Brooklyn, N. Y., and has been employed on such duty since the date of the reporting in obedience to said orders, which was on September 15, 1905, a date prior to the passage of the act of Congress approved May 13, 1908.”
During the period of this service the plaintiff received the full pay and allowances of a lieutenant commander on the active list, being the grade from which he was retired. He now claims, however, by virtue of a provision contained in the new Navy pay act that he should have received from the date of the approval of said act, May 13,1908, to the date of his detachment, October 5, 1909, the pay and allowances of the next higher grade to which he had been advanced on the retired list, namely, that of a commander, making a difference in his favor of $939.31. Payment of said claim was refused by the Auditor for the Navy Department and appeal was taken to the Comptroller of the Treasury, who sustained the action of the auditor, and to recover such sum this suit was instituted.
The single question involved in the case is whether the pay provision in the act of Congress of June 7, 1900 (31 Stats., 703), is inconsistent with, and if so, is repealed by the act of May 13,1908 (35 Stats., 127), which prescribes the pay of officers on the retired list of the Navy.
The act of 1900 is in the following language:
“ During a period of 12 years from the passage of this act any naval officer on the retired list may, in the discretion of the Secretary of the Navy, be ordered to such duty as he may be able to perform at sea or on shore, and while so employed shall receive the pay and allowances of an officer of the active list of the grade from which he was retired.”
The act of 1908 reads:
“The pay of all commissioned, warrant, and appointed officers and enlisted men of the Navy now on the retired-list shall be based on the pay, as herein provided for, of *107 commissioned, warrant, and appointed officers and enlisted men of corresponding rank and service on the active list; and all pay herein provided shall remain in force until changed by act of Congress. Nothing herein shall be construed so as to reduce the pay or allowances now authorized by law for any commissioned, warrant, or appointed officer or any enlisted man of the active or retired lists of the Navy, and all laws inconsistent with this provision are hereby repealed.”
Plaintiff contends that the latter act above quoted repeals the former and that its purpose was to abrogate all invidious distinctions and allow all officers in every branch of the military service, whether on the active or retired list, the same pay in accordance with the actual grades held by them. That is to say, he insists that the intention of Congress was to allow a naval officer who has been retired from active service and recalled for special duty the same pay he would be entitled to receive had he not been retired from active service.
We do not believe that such construction was the intent of Congress, because it would be unreasonable to assume that retired officers, acquiring no additional knowledge of the service during such retirement, and afterwards returned to active duty, should be entitled to receive rank and pay higher than they had previously received while on active duty. Nor do we believe that the act of 1908 (sufra), either in terms or by implication, repeals the act of 1900 (supra). The latter is a special act which authorizes the temporary employment of retired officers on active duty during a specified period of 12 years at the direction of the Secretary of the Navy. Its apparent purpose was to authorize the Secretary to temporarily supply the demands made upon his department on account of a shortage of officers resulting from the existence of the Spanish-American War. Hence it can not be contended that it was general in the scope of its provisions, nor should it be construed as the intention of Congress to conflict with or restrict the general law of 1908, whose evident purpose was to supplant the Navy personnel act of March 8, 1899, which act now definitely' fixes the salaries of all officers in the naval service. *108 We therefore fail to observe any real conflict between the two acts. Plaintiff was restored to active duty under the act of .1900, which definitely, as we construe it, fixes his compensation. It being a special act and relating to a special service, is therefore not affected by the act of 1908, which is general in its operation, and which does not, either in letter or spirit, conflict with the prior enactment.
It is well settled, and indeed is elementary, that courts look with disfavor upon repeals of statutes by implication unless there is an irreconcilable conflict or repugnancy between legislative acts. It is likewise well settled that a later act of Congress, which is general in -its terms and not expressly repealing a prior special act, will not affect the special provisions of the earlier act. {Rodgers v. United States, 185 U. S., 83-89; Petri v. Creelman Lumber Co., 199 U. S., 487, and authorities there cited.)'
Claimant’s counsel cites sections 1588 and 1592 of the Revised Statutes in support of his contention that the pay of plaintiff, a retired commander in the Navy, while on active duty should be that of an officer of corresponding rank and service on the active list, instead of the pay allowed for his former rank on the active list. This contention is not well taken, for the reason that section 1462, Revised Statutes, explicitly provides that “no officer on the retired list of the Navy except in time of war ” should receive such compensation, thus showing that the two sections referred to are intended to apply to the rates of pay of naval officers only in time of war, and consequently can have no bearing upon the issue involved in this case when taken in connection with the more recent naval pay statutes. The recall of plaintiff by the Secretary of the Navy to active duty in time of peace was authorized under wholly different provisions of law than the sections of the Revised Statutes above mentioned.
We have also considered the opinions of the Attorney General which are relied upon in part by plaintiff, and we do not consider them as material to the issue involved in this case, and are, therefore, not controlling.
For the reasons given we decide that the petition must be dismissed and judgment rendered for the United States.