MORGAN, RESPONDENT, *v.* HINES, DIRECTOR-GENERAL OF RAIL-ROADS, ET AL., APPELLANTS.

(No. 4,870.)

(Submitted September 26, 1922. Decided December 11, 1922.)

[211 Pac. 778.]

*Railroads—Federal Control—Livestock Shipments—Negligence —Parties Defendant—Damages—Market Value—Hearsay— Nonexpert Witnesses—Assignments of Claims—Verdicts—Insufficient Evidence—Judicial Notice.*

Evidence—Judicial Notice—Acts of Congress—Proclamations of President —Railroads—Federal Control Act.

1. Courts take judicial notice of the Acts of Congress and proclamations of the President, and therefore of the fact that during all of the year 1919 the President was in exclusive possession and control of the railroad systems of the country; hence refusal to dismiss an action for damages caused by negligence in the operation of a train on its line in 1919, as to defendant railway corporation, charged jointly with the Director-General of Railroads, was error.

Railroads Under Federal Control—Parties Defendant—Improper Refusal to Substitute Federal Agent.

2. Where an action for damages sustained in 1919 was commenced in January, 1920, against the Director-General of Railroads, then in office, and in May following his successor was appointed, denial of a motion made at the beginning of the trial in July to substitute the latter for the former as defendant was error, and the grant-

---

1. Judicial notice of acts of Congress and President's proclamation, see notes in 8 A. L. R. 965, 977, 978.

2. Substitution of presidential agent for Director-General of Railroads during federal control, see notes in 10 A. L. R. 950; 19 A. L. R. 680.

[65 Mont. 306.]

ing of the motion of plaintiff to add the name of the latter as a party defendant, thus permitting the action to continue against both, was improper practice.

Trial—Defect in Instruction not Pointed Out at Settlement of Instructions—Appeal.

3. A defect in a proposed instruction not pointed out at the settlement of the instructions will not be considered on appeal.

Same—Instruction not Supported by Evidence Improper.

4. An instruction on the price received for cattle claimed to have been injured in transportation and by rough handling, not supported by the evidence was error.

Railroads—Livestock—Market Value—Hearsay Testimony.

5. Testimony of witnesses on the market value of cattle at Chicago based on what somebody told them, on a broker's market report or the Chicago Stockyard Exchange bulletin on a certain day was inadmissible as hearsay.

Trial—Refusal to Strike Testimony—Motion too Indefinite.

6. Refusal to strike testimony was proper where the motion to strike was indefinite.

Railroads—Livestock—Market Value—Nonexpert Witnesses—Evidence—Competency.

7. Testimony of witnesses engaged in the livestock business on a small scale, though not experts in the matter of the market value of cattle in Chicago on a certain day, who had kept themselves informed as to prices by reading newspaper quotations or market reports was competent.

Same—Federal Control—Assignments of Claims not Within Inhibition of Federal Statute.

8. Assignments of claims for damages sustained by a number of small shippers of cattle combined in one shipment, to one of them for the purpose of suit against the Director-General of Railroads during the time the railroad was under federal control, were not assignments of claims against the United States, within the meaning of section 6383, United States Compiled Statutes, and therefore not void, that section having no application to assignments of this character.

Same—Damages to Shipment of Livestock—Value—Evidence—Insufficiency.

9. Where an action for damages to a shipment of cattle was tried on the theory that because of negligent delays and handling they lost weight and that the measure of damages was the difference between what they actually brought on sale and what they would have brought if in normal condition, and there was no proof of the amount the brokers who sold them received for them, the verdict in favor of plaintiff had no basis upon which to stand.

*Appeals from District Court, Wheatland County; E. H. Goodman, Judge.*

ACTION by Frank Morgan against Walker D. Hines, Director-General of Railroads, and others. From a judgment for

---

7. Competency of witness to testify to market value, see note in Ann. Cas. 1914A, 882.

[65 Mont. 306.]

plaintiff and an order denying their motion for a new trial, defendants appeal. Reversed and remanded.

*Messrs. Murphy & Whitlock, Mr. L. D. Glenn,* and *Mr. J. H. Toole,* for Appellant, submitted a brief; *Mr. Toole* argued the cause orally.

The complaint alleges that at the time when the complaint in this action was filed, and at the time when the damage to the plaintiff is alleged to have occurred, the defendant Chicago, Milwaukee & St. Paul Railway Company was under the control and management of the national government, having been taken over by the federal government by the direction of an Act of Congress and placed under the supervision and direction of the Director-General of the United States Railroad Administration. The court will take judicial notice of the fact of the federal control of the national transportation systems and of the general orders promulgated by the Director-General. (*Commercial Club* v. *Chicago, M. & St. P. Ry. Co.,* 41 S. D. 314, 170 N. W. 149; *West* v. *New York, N. H. & H. R. Co.,* 233 Mass. 162, 123 N. E. 621.) The railway company was not a proper party. (*Missouri Pac. R. R. Co.* v. *Ault,* 256 U. S. 554, 65 L. Ed. 1087, 41 Sup. Ct. Rep. 593.)

The assignments made to Morgan in the case at bar were absolutely null and void in that they were assignments of claims against the Director-General of the United States Railroad Administration, or, in other words, the government, and within section 6383, United States Compiled Statutes, as interpreted in the cases below: *United States* v. *Gillis,* 95 U. S. 407, 24 L. Ed. 503 [see, also, Rose's U. S. Notes]; *Nutt* v. *Knut,* 200 U. S. 13, 50 L. Ed. 340, 26 Sup. Ct. Rep. 216; *Flint & Pere Marquette R. R. Co.* v. *United States,* 112 U. S. 737, 28 L. Ed. 862, 5 Sup. Ct. Rep. 368; *National Bank of Commerce of Seattle* v. *Downie,* 218 U. S. 345, 20 Ann. Cas. 1116, 54 L. Ed. 1065, 31 Sup. Ct. Rep. 89; *Spofford* v. *Kirk,* 97 U. S. 484, 24 L. Ed. 1032; *Emmons* v. *United States,* 189 Fed. 414; *Henningsen* v. *United States F. & G. Co.,* 143 Fed. 810, 74 C. C. A. 484.

Information gained from papers and market quotations purporting to give market values on certain days comes under the hearsay rule. (*Fountain* v. *Wabash Ry. Co.*, 114 Mo. App. 676, 90 S. W. 393; *Henderson* v. *Wabash Ry. Co.*, 126 Mo. App. 610, 105 S. W. 13.) In the case of *Panhandle & S. F. Ry. Co.* v. *Arnette* (Tex. Civ. App.), 219 S. W. 232, the court held that account sales could not be admitted of the weight of cattle.

Finally, we call attention to the general uncertain and unreliable character of all the testimony of market value. The jury had no standard by which to go, nor proper evidence of market value, and were left to guess and conjecture, and a judgment supported by such evidence should not stand. (17 C. J. 758; *Carmen* v. *Montana Cent. Ry. Co.*, 32 Mont. 137, 79 Pac. 690.)

*Mr. W. C. Husband* and *Mr. Henry C. Smith*, of Counsel, for Respondent, submitted a brief; *Mr. Smith* argued the cause orally.

It is contended that the Chicago, Milwaukee & St. Paul Railway Company should have been, and should now be, discharged from liability, for the reason that the railroad and its equipment, which the corporation owned and had formerly operated, had been taken from its possession and control, and was being operated by the United States Railroad Administration at the time of the alleged negligence; and the case of *Missouri Pac. Ry. Co.* v. *Ault,* 256 U. S. 554, 65 L. Ed. 1087, 41 Sup. Ct. Rep. 563, is relied on.

It is to be regretted that the differentiation between the several entities connected with railroads during and after the Great War, so clearly pointed out by the supreme court of the United States in the *Ault Case*, could not have been given to the country, and especially to the legal profession, by that highest authority, several years before the date of that decision.

We content ourselves, on this branch of the case, with citing the following cases to this court: *Ringquist* v. *D. M. &*

*N. R. Co.*, 145 Minn. 147, 176 N. W. 344; *Lavalle* v. *Northern Pac. Ry. Co.*, 143 Minn. 74, 4 A. L. R. 1659, 172. N. W. 918; *Mobile & O. R. Co.* v. *Jobe*, 122 Miss. 696, 84 South. 910. The following cases seem to indicate that we have here a simple matter of substitution of parties, as a matter of course: *Galveston, H. & S. A. Ry. Co.* v. *Wurzbach* (Tex. Civ. App.), 219 S. W. 252; *Robinson* v. *Central of Georgia Ry. Co.*, 150 Ga. 41, 102 S. E. 532.

At any rate, in case the cause should be reversed as to the railroad corporation, no costs should be allowed, as it would have been necessary in any event to present the entire record to this court; the appeal is joint, and the costs, if the judgment and· order are affirmed as to the Director-General of Railroad Administration, will eventually be charged to operation of this particular railroad. (*Jensen* v. *Lehigh Valley R. Co.*, 255 Fed. 797; *Haubert* v. *Baltimore & O. R. Co.*, 259 Fed. 361; *Johnson* v. *McAdoo*, 257 Fed. 757; *McGregor* v. *Great Northern Ry. Co.*, 42 N. D. 269, 4 A. L. R. 1635, 172 N. W. 841.)

Validity of assignments: Section 6383 of the United States Compiled Statutes of 1916 has no application to such assignments as are here shown. If the contention of the appellants were the correct one, then the bill of lading in this case was a contract with the government of the United States, and could not be assigned or transferred to anyone, or in any way, and any claim under it for failure to deliver the property enumerated therein would have to be presented to the court of claims, and allowed, and a warrant issued thereon, before any transfer or assignment thereof could be legally made, and such assignment would then have to be made with all the formalities mentioned in the statute, or it would be null and void. Such a holding would disarrange the entire transportation business of the country. Under all of the authorities, bills of lading have certain attributes of negotiable instruments; they are *sui generis* in that the mere assignment thereof transfers the title of the property in the hands of the carrier, and they are indorsed, assigned, attached to drafts and otherwise dealt with in a manner not peculiar to any other class of

contract.  (*First Nat. Bank* v. *McAndrews,* 5 Mont. 325, 51 Am. Rep. 51, 5 Pac. 879; *Willman Mer. Co.* v. *Fussy,* 15 Mont. 511, 48 Am. St. Rep. 698, 39 Pac. 738; *McKelvey* v. *Perham,* 31 Mont. 602, 79 Pac. 253; 10 Corpus Juris, sec. 251.)

In *Sisson* v. *Cleveland R. Co.,* 90 Am. Dec. 252, the court said: "We think the trial court erred in excluding evidence of the state of the markets as derived from the market reports in the newspapers." (See, also, *Lush* v. *Druce,* 4 Wend. 313; *Cliquot's Champagne,* 3 Wall. 114, 18 L. Ed. 116 [see, also, Rose's U. S. Notes]; *Terry* v. *McNeil,* 58 Barb. 241; *Chaffee* v. *United States,* 18 Wall. 541, 21 L. Ed. 612; *Whitney* v. *Thatcher,* 117 Mass. 523; *Sirrene* v. *Briggs,* 31 Mich. 446; *Laurent* v. *Vaughn,* 30 Vt. 90; *Thatcher* v. *Kaucher,* 2 Colo. 698; *Cleveland R. Co.* v. *Patton,* 203 Ill. 376, 67 N. E. 804; *Kansas City, S. B. R. Co.* v. *Norcross,* 137 Mo. 415, 38 S. W. 299; *Missouri etc. R. Co.* v. *Cocreham,* 10 Tex. Civ. App. 166, 30 S. W. 1118; *Hudson* v. *Northern Pac. Ry. Co.,* 92 Iowa, 231, 54 Am. St. Rep. 550, 60 N. W. 608; *Rodee* v. *Insurance Co.,* 74 Hun, 146, 26 N. Y. Supp. 242; *Central R. Co.* v. *Skellie,* 86 Ga. 686, 12 S. E. 1017; *Hoxsie* v. *Empire Lumber Co.,* 41 Minn. 548, 43 N. W. 476.)

On the question of the power of this court to affirm the judgment against the Director-General of Railways, even though it should be reversed as to the corporation defendant, the respondent cites the following: *Morrell* v. *Northern Pac. Ry. Co.,* 46 N. D. 535, 179 N. W. 922; *Kimbrough* v. *Hines,* 182 N. C. 234, 109 S. E. 11; *Wyne* v. *Atlantic Coast Line R. Co.,* 182 N. C. 253, 109 S. E. 19; *Franck* v. *Hines,* 182 N. C. 251, 109 S. E. 21; *Arkansas Cent. R. Co.* v. *McCuen,* 149 Ark. 669, 234 S. W. 617; *Diamond X. L. & C. Co.* v. *Director, etc.,* 27 N. M. 675, 205 Pac. 267.

HONORABLE JEREMIAH J. LYNCH, District Judge, sitting in place of MR. JUSTICE FARR, disqualified, delivered the opinion of the court.

The plaintiff brought this action originally against the defendants, Chicago, Milwaukee & St. Paul Railway Company

and Walker D. Hines, Director-General of Railroads, and sought to recover from them in his own right and as assignee of four others damages in the sum of $1,000 for negligent delay in the transportation of 52 range cattle by rail from Harlowton, Montana, to Chicago, Illinois, between the seventeenth and twenty-fourth days of November, 1919, for holding them in the cars during the journey an unreasonable length of time without food or water, and for knocking them down and piling them up in the cars through the negligent handling of the train; all of which said acts on the part of the defendants caused much loss in the weight and value of said cattle.

On January 27, 1920, the defendants appeared by separately demurring to the complaint on general and special grounds. On the same day the railway company filed a motion to dismiss the action as to it on the ground, among others: "That, from the reading of the complaint it is admitted that the damages alleged to have accrued to plaintiff is a result of acts or omissions as of the eighteenth day of November, 1919, thereby admitting that the acts accrued during federal control, and the defendant cannot be held responsible." The demurrers and motion were subsequently overruled by the court. The defendants then filed a joint answer, in which it was admitted that at all the times mentioned in the complaint the Chicago, Milwaukee & St. Paul Railway Company was a corporation and Walker D. Hines, as Director-General of Railroads, had control and direction of the railway company's line of road extending from Harlowton to Chicago. The answer denied all the other allegations of the complaint. On July 27, 1920, the defendants moved that John Barton Payne, Director-General of Railroads, be substituted for themselves and each of them as the party defendant in the action, and the plaintiff moved that the complaint be amended so as to add the name of John Barton Payne, Director-General, as a party defendant. The court denied the motion of the former and granted that of the latter. Thereafter, on the same day, the case came to trial before a jury which returned a verdict in favor of the plaintiff and against all of the defendants for the sum of $500.

·[65 Mont. 306.]

Judgment in accordance therewith was then rendered. From this judgment and an order denying their motion for a new trial the defendants have appealed.

Courts take judicial notice of the Acts of Congress and [1] proclamations of the President, and of the fact that during all of the year 1919 he (the President) was in exclusive possession and control of the railroad systems of the country, including that of the defendant corporation. Consequently its demurrer should have been sustained, and its motion to dismiss granted. (*Missouri Pac. R. Co.* v. *Ault,* 256 U. S. 554, 65 L. Ed. 1087, 41 Sup. Ct. Rep. 593; *Bryson* v. *Great Northern R. Co.,* 61 Mont. 351, 203 Pac. 529; *McFeena's Admr.* v. *Paris Home Tel. & Tel. Co.,* 190 Ky. 299, 227 S. W. 450, 19 A. L. R. 698, note.)

On January 19, 1920, when this action was commenced, [2] Walker D. Hines was Director-General of Railroads. On March 11, 1920, the President by proclamation designated Walker D. Hines, Director-General of Railroads, and his successor in office, as Agent to defend suits of this character arising out of federal control of railroads. Shortly after he tendered his resignation as such Director-General and as such Agent, and it became effective on May 18, 1920. Four days earlier the President issued two proclamations, one appointing John Barton Payne Director-General of Railroads, and the other appointing John Barton Payne, Director-General of Railroads, as such Agent. When the trial of the case began he was still acting in both capacities. This being so, the court at that time should have made an order substituting "John Barton Payne, Director-General of Railroads, as Agent designated by the President under the Transportation Act of 1920," for Walker D. Hines as a party defendant. It was not proper practice to permit the action to continue against both. (Sec. 206, Federal Transportation Act of 1920, 41 Stat. 461; *Adams* v. *Quincy, O. & K. C. R. Co.,* 287 Mo. 535, 229 S. W. 790; *Gundlach* v. *Chicago & N. W. R. Co.,* 172 Wis. 438, 179 N. W. 577, 985; *Hines* v. *Collins* (Tex. Civ. App.), 227 S. W. 332; *Payne* v. *White House Lumber Co.* (Tex. Civ. App.),

231 S. W. 417; *Kersten* v. *Hines,* 283 Mo. 623, 223 S. W. 586; *Helm* v. *Hines,* 109 Kan. 48, 196 Pac. 426, 198 Pac. 190; *Wagner* v. *Union Stockyards Co.* (Neb.), 186 N. W. 996; *Payne* v. *Stockton,* 147 Ark. 598, 229 S. W. 44.)

Plaintiff's offered instruction No. 1, which the court gave, is not as complete as it should be. It fails to state that in order to warrant a recovery the jury must find that the cattle depreciated in value by reason of the negligent acts of the defendants. However, this particular defect was not pointed **[3]** out in the objection made at the trial, is not urged now, and, if urged, could not be considered to the respondent's disadvantage. (Sec. 6746, Rev. Codes 1907 [9349, Rev. Codes 1921]; *Robinson* v. *Helena Light & Ry. Co.,* 38 Mont. 222, 99 Pac. 837; *Yergy* v. *Helena Light & Ry. Co.,* 39 Mont. 213, 18 Ann. Cas. 1201, 102 Pac. 310; *Poor* v. *Madison River Power Co.,* 41 Mont. 236, 108 Pac. 645; *Frederick* v. *Hale,* 42 Mont. 153, 112 Pac. 70; *Allen* v. *Bear Creek Coal Co.,* 43 Mont. 269, 115 Pac. 673.)

Plaintiff's offered instruction No. 8, in so far as it related **[4]** to the price received for the cattle, was not supported by the evidence and should not have been given over defendants' objection.

The court properly refused to give defendants' offered instruction No. 17, as it was not a correct statement of the law. In the first place, there was no evidence to justify it, and, in the second place, even though there were, the jury should not be required to determine its competency.

The testimony of the witness Britzius, based on what some- **[5]** body told him, as to the market value of cattle at the Union Stockyards in Chicago on November 24, 1919, of the witness Herron as to the price of cattle in the same place on the same day as shown by a broker's market report, and of the witness Neill Morgan as to the price of cattle as marked on the Chicago Stockyards Exchange bulletin on the same day, also, was of a hearsay nature, and should have been excluded.

The court did not err in refusing to strike the testimony of

[6]   the witness Britzius, as the motion was not sufficiently definite.

Appellants argue that the witnesses Frank Morgan and [7] George Pollman were not qualified to testify to the market value of cattle in Chicago on November 24, 1919. Both of them were stockmen on a small scale, had bought and sold cattle from time to time, and had kept themselves informed as to the prices thereof in Chicago by reading newspaper quotations or market reports. They were not experts in the matter, it is true, but their testimony was none the less competent. (*Sullivan* v. *Girson,* 39 Mont. 274, 102 Pac. 320; 13 Ency. of Evidence, 552, 553, 563, 564; 3 Jones on Evidence, sec. 582; 1 Elliott on Evidence, sec. 325; 1 Wigmore on Evidence, sec. 719; 22 C. J. 575–580.)

Written assignments from William Thorson, George Poll- [8] man, Remko Muller and Joseph Herron to the plaintiff of their claims for damages against Walker D. Hines, Director-General of Railroads, and the Chicago, Milwaukee & St. Paul Railway Company in connection with the shipment of their cattle over the road of the latter from Harlowton to Chicago on November 18, 1919, were received in evidence without objection. Appellants now contend that these transfers were, in effect, assignments of claims against the United States, and in conflict with section 6383, United States Compiled Statutes, and therefore void. In view of the provisions of sections 3115¾j and 3115¾l, United States Compiled Statutes of 1918 (Comp. Stats. Ann. Supp. 1919), and of sections 206 and 210, Federal Transportation Act of 1920, we think the law has no application whatever to assignments of this kind. (See, also, *Missouri Pac. R. Co.* v. *Ault, supra; Jernegan* v. *Osborn,* 155 Mass. 207, 29 N. E. 520; *Thayer* v. *Pressey,* 175 Mass. 225, 56 N. E. 5; *Hines* v. *Collins, supra.*)

Appellants claim the evidence is insufficient to justify the [9] verdict. We are disposed to agree with them. The plaintiff did not take the position at the trial, and is not taking it now, that the market declined between the time the cattle should have arrived in Chicago, if the carriers had used

ordinary care and diligence in their transportation, and the time they actually did arrive there, or that they would have commanded a greater price per pound on the hoof were the shrinkage in weight normal, rather than exceptional. The theory on which he proceeded, apparently, was that the cattle weighed much less when they reached Chicago than they would have weighed had the carriers not been guilty of the negligent acts charged against them, and that the measure of his damages, as a consequence, was the difference between what they actually brought and what they would have brought had they been in normal condition, the price per pound being the same in each instance. Admittedly, Clay, Robinson & Co., brokers, sold the cattle at the Union Stockyards in Chicago to the highest bidder. Nobody connected with them testified in the case. None of the witnesses who did testify was present when the sale took place. The record is therefore devoid of proof of the amount which these brokers actually received for the cattle. Such being the situation, the jury was left without a proper basis on which to estimate the damages the plaintiff sustained.

Assignments of error not covered by what we have already said are of no importance.

The judgment and order appealed from are reversed, and the cause is remanded, with directions to dismiss the same as to the defendant corporation, to grant a new trial as to the defendant John Barton Payne, Director-General of Railroads, and to enter a formal order substituting John Barton Payne, Director-General of Railroads, as Agent designated by the President under the Transportation Act of 1920, for Walker D. Hines as the sole party defendant.

*Reversed and remanded.*

ASSOCIATE JUSTICES COOPER, HOLLOWAY and GALEN concur.