In re Joseph DINAN, Jr. and Marjorie Marie Dinan, Debtors.

Bankruptcy No. 86–05188F.

United States Bankruptcy Court, E.D. Pennsylvania.

March 18, 1987.

Michael Donahue, Delaware County Legal Assistance, Chester, Pa., for debtors, Joseph Dinan, Jr. and Marjorie Marie Dinan.

Horace A. Stern, Philadelphia, Pa., Trustee.

Edward S.G. Dennis, Jr., U.S. Atty., Virginia R. Powel, Asst. U.S. Atty., U.S. Dept. of Justice, Philadelphia, Pa., and J. Christopher Kohn, Tracy J. Whitaker, Bea Witzleben, Dept. of Justice, Civ. Div., Washington, D.C., objectors.

## MEMORANDUM

BRUCE FOX, Bankruptcy Judge:

On October 18, 1986, the Judiciary Appropriation Act of 1987, P.L. 99–500 ("Appropriation Act") was signed into law.[1] Section 407(b) of the Appropriation Act amended 28 U.S.C. § 1930(a)(1) by raising the filing fee for chapter 7 bankruptcies from $60.00 to $90.00. The Appropriation Act took effect immediately. On October 27, 1986, the Bankruptcy Judges, United States Trustees, and Family Farmer Bankruptcy Act of 1986, P.L. 99–554 (Bankruptcy Judges Act) was signed into law. Section 117 of the Bankruptcy Judges Act also amended 28 U.S.C. § 1930(a)(1) to raise the filing fee for chapter 7 cases from $60.00 to $90.00. By its express terms, the Bankruptcy Judges Act did not take effect for thirty days, *i.e.*, until November 26, 1986.

On November 10, 1986, Joseph and Marjorie Dinan filed a joint, voluntary petition under chapter 7 of the Bankruptcy Code. The debtors also filed a motion to allow the payment of filing fees in installments in the total amount of $60.00, rather than $90.00. The thrust of the debtors' argument is that the two acts have conflicting effective dates for the increase in chapter 7 filing fees, that Congress intended the effective date for the filing fee increase to be November 27, 1986 and that therefore, the filing fee for their petition is only $60.00. The United States, through the Justice Department, has opposed the debtor's motion.[2]

The debtors' argument hinges on the premise that the two statutes are in conflict. The debtor contends that, as a result of this conflict, the Bankruptcy Judges Act, being the later statute, is paramount and it impliedly repealed the immediate effective

1. Due to a clerical error in printing, the statute was signed into law again on October 30, 1986 and redesignated as P.L. 99–591. *See* 10 U.S. Code Cong. & Ad.News (December 1986).

2. The government opposes the motion only insofar as the debtors seek to pay $60.00 rather than $90.00. The government does not oppose the payment of filing fees in installments.

date of the filing fee increase in the Appropriation Act. For the reasons set forth below, however, I am convinced that no such conflict exists between the two statutes and that the later statute did not impliedly repeal the earlier.

Initially, I note that in construing statutes, courts do not favor repeals by implication. *E.g.*, *Morton v. Mancari*, 417 U.S. 535, 549, 94 S.Ct. 2474, 2482, 41 L.Ed.2d 290 (1974). This maxim applies with special force to laws enacted during the same legislative session. *Pullen v. Morgenthau*, 73 F.2d 281, 283 (2d Cir.1934). When a conflict between two statutes is asserted, courts attempt, wherever possible, to harmonize and give effect to both statutes. *E.g.*, *Watt v. Alaska*, 451 U.S. 259, 267, 101 S.Ct. 1673, 1678, 68 L.Ed.2d 80 (1981).

The earlier statute in this case, the Appropriation Act, appears to have been an ordinary revenue enhancement statute, at least with respect to the bankruptcy courts. A proposal to make the funds paid as a result of the increase in bankruptcy filing fees available for the operation of the bankruptcy courts was rejected by Congress. *Compare* S.Rep. No. 99–425, 99th Cong., 2d Sess. 97 (1986) *with* H.R.Rep. No. 99–1005, 99th Cong., 2d Sess. 68, 428–29 (1986). Through the Bankruptcy Judges Act, Congress established the United States Trustee System Fund for use in connection with the operation of the United States Trustee Program. Bankruptcy Judges Act § 115. Under this system, a portion of each filing fee is earmarked for the Trustee System Fund along with certain other fees established by the statute. *Id.*

The debtor argues that because the bankruptcy filing fee increase under the Bankruptcy Judges Act was linked to the United States Trustee System Fund, the delayed effective date of that statute's fee provision expresses a legislative intent to maintain filing fees at their original level until the effective date of the trustee program. While this argument is not without some plausibility, I conclude that it is not consistent with Congressional intent.

By enacting the Appropriation Act, Congress made the decision to increase revenues by raising filing fees. The only change rendered by the later statute was to earmark a portion of the increased revenues for the Trustee System Fund. While it would make sense for Congress to delay the deposit of monies in the Trustee System Fund until after the trustee program commenced, it does not inexorably follow that Congress also desired to roll back the filing fee increase it had just recently enacted. The essential difference between the two statutes is merely the ultimate destination of the monies produced by the filing fees (*i.e.*, in which government account will the funds be placed). When viewed in this light, it becomes apparent that there is no inherent conflict between the two statutes. As the government argues in its brief, the Bankruptcy Judges Act's requirement that portions of the increased filing fees be deposited in the Trustee System Fund once the trustee system commences "can be satisfied without abrogating the filing fee provision of the Appropriation Act." (Government's brief at 10) (footnote omitted). The harmonious construction of the two statutes set forth above is particularly compelling under the applicable canons of statutory construction.

In short, I conclude that Congress did not intend to repeal or nullify the filing fee increase of the Appropriation Act when it enacted the Bankruptcy Judges Act and I will therefore deny the debtors' motion insofar as they seek to limit their filing fee obligation to $60.00. An order consistent with this memorandum will be entered.