## ROWLAND et ux. v. SKILES et al.
## No. 11573.

Court of Civil Appeals of Texas. Dallas.
Jan. 26, 1935.

Rehearing Denied Feb. 23, 1935.

See, also (Tex. Civ. App.) 61 S.W.(2d) 1016.

Baskett & De Lee, of Dallas, for plaintiffs in error.

H. B. Thomas, Jr., of Dallas, and John D. Reese, of McKinney, for defendants in error.

JONES, Chief Justice.

James F. Rowland, Jr., and wife, Maggie Rowland, plaintiffs in error, instituted this suit in the lower court, in form of trespass to try title to 90.8 acres of land in Dallas county, alleging an ouster by Wm. S. Skiles and Homer F. Wicker, and that the other defendants in error, A. Y. Creager & Co., A. Y. Creager, F. W. Creager, and the Franklin Life Insurance Company, were asserting some character of right, title, interest, claim, or lien, to or against the land in question, which are void and of no force or effect. The case was tried to a jury and judgment entered against plaintiffs in error and in favor of defendants in error, on peremptory instruction by the court. From this judgment an appeal has been duly perfected.

The defendants in error answered by a plea of not guilty. Plaintiffs in error claim the premises as their homestead, and that they have never legally conveyed the land. The deed records of Dallas county disclose that they had twice owned the land; such records also disclose that, by a regular conveyance of the land by their grantee, in the first conveyance, a $4,500 vendor lien note had been created against the land; that on the other occasion of the conveyance of the land, their grantee executed an $8,000 vendor lien note against the land; that each note had been assigned to A. Y. Creager & Co., by the respective owners, and a deed of trust executed in each instance, with Frank Creager as trustee, and assigned by Creager & Co. to the Franklin Life Insurance Company, a foreign life insurance corporation; that the $8,-000 note included the $4,500 note and the lien securing it was merged into the lien securing the $8,000; that though each deed of conveyance appeared on its face to convey a fee-simple title to the grantee, and to create a vendor's lien, to secure a note given as part payment of the purchase price, yet, in truth and in fact, each conveyance was a simulated one, and was intended by the parties to be a mortgage to secure the apparent vendor lien note, and the title to the land never passed from plaintiffs in error, because during all the time it was their homestead, protected by the Constitution (article 16, § 50) against the creation of such a lien.

Defendants in error denied that either of the conveyances was other than it appeared to be on its face, and also claimed that, if each deed of conveyance was intended by the parties thereto to be in fact a mortgage, and not a deed of conveyance, none of the defendants in error had either actual or constructive notice of such mental understanding of the parties to each conveyance, and had no notice that the two recorded conveyances were other than what the deed records showed them to be, and what plaintiffs in error affirmatively stated they were, that is, bona fide deeds of conveyance; that governed by what was shown by said records, re-enforced by the representations of appellants that the records spoke the truth in respect to the conveyances, they respectively purchased the notes and the land at the trustee's sale, and the plaintiffs in error are estopped from set-

ting up their homestead plea, and from denying that the two conveyances were actual conveyances of the title to the land.

Defendants in error Wm. S. Skiles and Homer F. Wicker purchased the land at a trustee's sale, duly made, after plaintiffs in error had defaulted in payment of interest on the $8,000 note, and after the Franklin Life Insurance Company, owner of the note, had exercised its option to sell the land at the trustee's sale. Plaintiffs in error, about the same time, executed a quitclaim deed to the land in question to Wm. S. Skiles and Homer F. Wicker. This quitclaim deed is attacked on the ground that the certificate of acknowledgment does not recite the truth, in that, Mrs. James F. Rowland, a married woman, did not willingly execute such deed, but was coerced into doing so. It is not necessary to pass on this question.

The evidence shows the land in question to have been the homestead of plaintiffs in error, at the time of each conveyance of the land by them. The evidence fails to show, either by circumstances or by direct proof, that either Creager & Co. or the Franklin Life Insurance Company, to whom the notes and lien were respectively assigned, or the purchasers at the trustee's sale, had any knowledge of any fact tending to show that the respective deeds of conveyance were simulated transactions and were intended as mortgages. Before Creager & Co. would accept the transfer of the lien and the $8,000 note the lien secured, they were furnished with an affidavit by M. M. Skiles, grantee (deceased at the time this suit was instituted), and James F. Rowland, Jr., and his wife, Maggie Rowland, grantors to M. M. Skiles, stating that they "do hereby state upon their oaths that said sale is complete and the grantors have received the consideration therein stated, and have delivered the deed and possession of said land to the grantee. Said conveyance is a bona fide transaction, the terms of which are true, clear and fully set forth in said deed. We make this affidavit to induce A. Y. Creager & Company, upon the statements herein made, to purchase the $8,000 vendor lien note retained in said deed." This affidavit was duly signed and sworn to by both the grantee and the grantors.

From the undisputed facts, we conclude that plaintiffs in error are estopped to claim that either of the deeds of conveyance in question was other than it purported to be, and are estopped to plead that either deed of trust, securing a part of the purchase price of each sale of the land, is void because it was an attempt to mortgage their homestead, and the court did not err in giving the peremptory instruction. Eylar v. Eylar, 60 Tex. 315; First Texas Joint Stock Land Bank of Houston v. Chapman (Tex. Civ. App.) 48 S.W. (2d) 651; Guaranty State Bank of Mt. Pleasant v. Kelley (Tex. Com. App.) 13 S.W.(2d) 69; American Exch. Nat. Bank v. Jeffries (Tex. Civ. App.) 36 S.W.(2d) 558.

It necessarily follows from what has been said that the judgment of the lower court must be affirmed, and it is so ordered.

Affirmed.