LINDSEY *v.* FEDERAL LAND BANK OF COLUMBIA *et al.*

No. 12489. OCTOBER 12, 1938.

*E. R. King,* for plaintiff.

*G. Stokes Walton, Harry D. Reed,* and *James W. Harris,* for defendant.

BELL, Justice. The plaintiff, being a member of a national farm-loan association and having obtained a loan from a Federal land bank, offered to pay the debt with his stock in the farm-loan association as part payment, and with cash for the remainder. The bank refused the tender, and elected to exercise a conferred power of sale as to land on which it held a security deed. The plaintiff sued to enjoin the sale, alleging a tender as stated. The court sustained a general demurrer to the petition and dismissed the action. The plaintiff excepted.

We are of the opinion that the tender was insufficient, and that the petition did not state a cause of action. A Federal land bank and a national farm-loan association, created under the Federal farm-loan act of July 17, 1916, are separate and distinct corporations. 12 U. S. C. A., §§ 676, 711; *Federal Land Bank of Columbia* v. *Shingler,* 174 *Ga.* 352, 368 (162 S. E. 815). The farm-

loan act provides: "No persons but borrowers on farm land mortgages shall be members or shareholders of national farm-loan associations. Any person desiring to borrow on farm land mortgage through a national farm-loan association shall make application for membership, and shall subscribe for shares of stock in such farm-loan association to an amount equal to 5 per centum of the face of the desired loan, said subscription to be paid in cash upon the granting of the loan. If the application for membership is accepted and the loan is granted, the applicant shall, upon full payment therefor, become the owner of one share of capital stock in said loan association for each $100 of the face of his loan, or any major fractional part thereof. Said capital stock shall be paid off at par, and retired upon full payment of said loan." 12 U. S. C. A., § 733. It is contended by counsel for the plaintiff that this provision as to paying off and retiring such stock on payment of the loan imposes a duty on the Federal land bank as lender to accept the stock as payment of the loan in part, and that only the remainder is required to be in money. We can not sustain this contention. According to the authorities, the provision relied on places the duty of retirement solely on the national farm-loan association by which the stock was issued, and in the absence of any contract on the subject the Federal land bank is not liable for the redemption and retirement of such stock. Knox National Farm Loan Association v. Phillips, 300 U. S. 194 (57 Sup. Ct. 418, 81 L. ed. 599, 108 A. L. R. 738); Western Clay National Farm Loan Asso. v. Lilly, 189 Ark. 1004 (76 S. W. (2d) 55, 95 A. L. R. 1506); Byrne v. Federal Land Bank, 61 N. D. 265 (237 N. W. 797); Federal Land Bank of Berkeley v. Warner, 42 Ariz. 201 (23 Pac. (2d) 563).

The plaintiff further contends, however, that the bank is under contract to retire the stock in this instance. It appears that a receipt for the stock was issued to the plaintiff by the secretary-treasurer of the loan association, and that appended to this receipt was the following statement: "Notice to borrower—This receipt represents your investment in stock on which dividends will be paid. It will be accepted at face value on final payment of loan. If you sell your land, this receipt should be transferred to the purchaser, and you should collect not less than face value therefor. It can not be legally transferred to any one other than the

purchaser of the land mortgaged, on account of which this stock is issued." We can not agree that this statement constituted any contract or undertaking on the part of the Federal land bank. It was a mere reminder or notice of the obligation assumed by the national farm-loan association under the terms of the farm-loan act, and did not purport to speak for the Federal land bank, which was not a party thereto.

In view of what has been said, the court did not err in sustaining the general demurrer and dismissing the action.

*Judgment affirmed. All the Justices concur.*