# 𝔖taunton

THOMAS H. WORRELL v. THE FEDERAL LAND BANK
OF BALTIMORE.

September 13, 1939.*

Record No. 2123.

Present, Campbell, C. J., and Holt, Hudgins, Browning, Eggleston
and Spratley, JJ.

* Rehearing refused November 20, 1939.

*L. E. Lindsay,* for the appellant.

*Peyton G. Jefferson, William Beasley* and *A. E. Cooley,* for the appellee.

BROWNING, J., delivered the opinion of the court.

C. B. Worrell, brother of the appellant, Thomas H. Worrell, made application in May, 1925, to The Federal Land Bank of Baltimore for a loan of $8,000.00, to be secured by a first lien on his farm of 252 acres in Carroll county, Virginia. The transaction was handled through the Carroll County National Farm Loan Association, of which A. H. Morris was Secretary-Treasurer. The application was signed by Worrell and stated, among other things, that the purpose of the loan was the payment of an existing debt of $5,000.00 incurred for the purchase of a tract of land of 453½ acres. It also listed, under the heading "Encumbrances and Debts of Applicant", a debt of $5,000.00 incurred in 1923, secured by a mortgage in favor of E. W. and T. H. Worrell, with the statement that the borrower expected to pay this amount with the

proceeds of the loan desired. This was just another notation of the one $5,000.00 indebtedness.

The applicant further stated that if his application were approved he would furnish, at his own expense, an abstract of title acceptable to the bank, which would show a perfect title in himself and the mortgage given to the bank a first lien on the property securing it. This abstract was furnished, having been prepared by A. E. Cooley, attorney for the applicant.

The loan, to the extent of $5,000.00, was made and the mortgage securing the bank was executed October 16, 1925, and recorded November 3, 1925.

In August, 1926, a creditor's suit was instituted against C. B. Worrell and others seeking to subject the land referred to to the payment of debts and liens against Worrell and a co-defendant. This suit progressed to the point of a decree of reference to a commissioner, who reported the Land Bank's debt of $5,000.00, secured as stated, as the first lien against the lands of C. B. Worrell. The second debt in dignity of lien was one of $5,000.00 secured by a deed of trust against the same land in favor of E. W. Worrell and Thomas H. Worrell. L. E. Lindsay was the trustee in this deed of trust. Neither of the last mentioned Worrells nor the trustee in the deed of trust were made parties defendant in the general creditor's bill. In May, 1929, nearly three years after the institution of the suit, the trustee filed an answer asking that he be made a party defendant, as he was a holder of the legal title to the land involved. And in 1931 and 1932, respectively, T. H. Worrell filed a petition and an amended petition praying to be made a party defendant and be allowed to assert and have adjudicated his claim, which will be presently specifically referred to. Such steps were subsequently taken in the suit as received and recognized the trustee and T. H. Worrell as parties defendant thereto.

Upon the Worrell petition and the demurrer and answer thereto of the Federal Land Bank and certain exceptions to the commissioner's report, filed at the time, the trial court

set aside so much of its former decree as confirmed the report of liens which has been referred to. Later the case was recommitted to another commissioner to report upon the same matters as had been the subject of the former report.

T. H. Worrell asserted in his petitions the claim that his brother, C. B. Worrell, had executed a deed of trust conveying the tract of 252 acres to L. E. Lindsay, trustee, to secure to himself and another brother, E. W. Worrell, the sum of $5,000.00. Their deed of trust was executed on February 19, 1923, but it was not recorded until June 4, 1926. It was alleged that this was caused by the inadvertence and failure of one who was entrusted with the duty of having it done. The petitioner alleged that this deed of trust, although not of record when the bank's deed of trust or mortgage was recorded, was the first encumbrance or lien against the land and was, therefore, prior in dignity of lien to that of the bank. He urged, as his reason for that position, the alleged fact that the bank, at the time of the incipiency and the consummation of its loan, had actual notice of the existence of the deed of trust in favor of himself and his brother, E. W. Worrell.

Evidence was taken, in the form of depositions of witnesses, and the case was heard on September 19, 1938, when the court decreed that the bank's mortgage was a lien on said land first in dignity and priority and enjoined the petitioner, Thomas H. Worrell, from asserting any claim or right to said land antagonistic to or in contravention of the lien thereof. A commissioner was appointed to subject the land to the payment of the said lien by a sale thereof. From this decree an appeal was sought and allowed.

The contention is urged that the bank was affected with notice of the existence of the E. W. and T. H. Worrell deed of trust because the secretary-treasurer of the local association and the attorney who made the abstract had been informed and knew that it was extant. This contention is based on the assertion that they were agents of the lending bank and that notice to them was notice to their principal.

The evidence shows that this is untenable. The local farm association is an entirely different entitity from the bank. They are not allied in any way that would impute the knowledge of the officials of the local unit to the bank. On the contrary, their relations negative such result. The local association is composed of stockholders who are indebted to the bank and its structure is such that it is a co-obligor to the bank with each of its constituents. Every case which we have found that was concerned with a like contention has held that there is no relation of principal and agent between the lending bank and the like persons referred to. The attorney who was the abstractor of titles for the local association was the attorney for C. B. Worrell, the borrower. The fee for his work was paid by Worrell, who agreed to furnish the bank with an abstract of title, satisfactory to it, giving to the bank the first lien against the land. He was not an agent of the lending bank, but, on the contrary, represented the borrower.

See *Bjorkstam* v. *Federal Land Bank of Spokane,* 138 Wash. 456, 244 P. 981; *Byrne* v. *Federal Land Bank of St. Paul,* 61 N. D. 265, 237 N. W. 797; *Federal Land Bank of Columbia* v. *Shingler,* 174 Ga. 352, 162 S. E. 815; *Federal Land Bank* v. *Omaha National Bank,* 118 Neb. 489, 225 N. W. 471; *Holvick* v. *Black,* 57 N. D. 270, 221 N. W. 71; *Federal Land Bank of Columbia* v. *Gaines,* 290 U. S. 247, 78 L. Ed. 298, 54 S. Ct. 168; *Whitaker* v. *Fulton* (Tex Civ. App.), 17 S. W. (2d) 1079.

The contention that the parts of the application referred to were notice to the bank of the existence of the Worrell lien is met and overthrown by the fact that the subsequent abstract of title which was furnished the bank, by the borrower, showed a clear title in him to the land, subject to the bank's first and only lien. This was in accordance with the facts as they existed, for the record disclosed no lien in favor of the appellant or anyone else. The abstractor could have made no other report.

If the Worrell deed of trust had been on record at the time the loan was consummated, it would have appeared on

the abstract of title and, of course, the bank would not have parted with the money until it had been released and the status of the bank's mortgage would have been the same as it is at the present time, and as the borrower covenanted that it would be.

Further, the brothers, E. W. Worrell and T. H. Worrell, were partners in business. They owned the C. C. Worrell home place jointly, which they sold to C. B. Worrell for $21,000.00, which was secured by the reservation of a vendor's lien on the land. They were joint beneficiaries in the vendor's lien and also in the deed of trust which C. B. Worrell and his wife executed on the 252 acres, which they thought had been recorded.

E. W. Worrell testified that C. B. Worrell went to see him in Princeton, West Virginia, and informed him that he was thinking of applying to the Federal Land Bank for a loan and that it would be necessary for the deed of trust to be released. He told his brother that they would release it provided they got a part of the loan. He further testified that he and T. H. Worrell were partners but the partnership had not been a very profitable one.

C. B. Worrell testified that his agreement with E. W. Worrell was that the Federal Land Bank was to have the first lien and that of the loan from the bank he paid E. W. and T. H. Worrell the sum of $1,000.00. This was in substance admitted by T. H. Worrell.

In good conscience and in law they are bound by their conduct and are estopped from setting up their claim as antagonistic in dignity to that of the bank. They were cognizant of the transaction between C. B. Worrell and the bank and permitted the bank's mortgage to go on record without then and there asserting the rights which they now urge.

The testimony also shows that Mr. Lindsay, the trustee in the deed of trust, must have had knowledge of the matter, for it was consummated in his office.

The decree of the chancellor which is complained of was clearly right, and if we had any doubt about the soundness

of this conclusion we would be moved by the same consideration as was the Supreme Court of the United States in the case of *Federal Land Bank of Columbia* v. *Gaines, supra* [290 U. S. 247, 54 S. Ct. 168, 78 L. Ed. 298], which it expressed in the following words:

"If we thought this conclusion more doubtful, we should regard as persuasive the fact that a different conclusion would break down the scheme of the act to make the mortgages taken by the federal land banks available as collateral for federal land bank bonds sold to investors."

We affirm the decree of the chancellor.

*Affirmed.*