# FEDERAL LAND BANK OF SPOKANE, Respondent, *v.* MYHRE et al., Appellants.

(No. 7,988.)

(Submitted March 11, 1940.   Decided April 16, 1940.)

[101 Pac. (2d) 1017.]

*Mr. Howard M. Lewis,* for Appellant, submitted an original and a supplemental brief and argued the cause orally.

*Messrs. Hugh R. Adair, Thomas Dignan, Dana E. Brinck* and *Henry R. Newton* of the Bar of Spokane, Washington, for Respondent submitted a brief; *Mr. Adair* and *Mr. Brinck* argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

Defendants Myhre have appealed from a judgment in favor of plaintiff foreclosing a mortgage on real estate given to secure an indebtedness represented by a promissory note signed by them and the payment of which was guaranteed in writing by

defendant Daniels County National Farm Loan Association. The cause was tried to the court sitting without a jury after demand by appellants for a jury trial had been denied.

The complaint in foreclosure was in the usual form. Defendants Myhre answered, admitting all of the allegations of the complaint, except as to the allegations of the amount due. They also set up a counterclaim arising out of the following alleged facts:

In March, 1933, after a series of years of unprofitable operations, the defendant Sven O. Myhre found himself without funds to put in a crop. He sought to obtain a seed loan from the federal government to be used to buy gas and oil for use of tractors in preparing and seeding the ground. Before he could obtain this loan he had to ·procure a waiver of a previously made crop mortgage given to the plaintiff covering the 1933 crop. In the counterclaim it is alleged that plaintiff at the time it took the crop mortgage agreed to execute the waiver promptly and without delay in order that defendants Myhre might be enabled to plant their crop in due and early season. It is further alleged that delay on the part of plaintiff in executing the waiver caused appellants to be damaged to the extent of $6,000. This damage is alleged to have arisen because the planting was delayed until the waiver was finally executed, resulting in such late planting that the crop was a failure because thereof. The reply put in issue the material allegations of the counterclaim.

After plaintiff had introduced proof in support of its complaint, defendants Myhre submitted proof of their counterclaim which, as supplemented by admissions in the pleadings or by uncontradicted evidence, may be summarized as follows: All of their dealings with reference to the waivers and the time when they should be executed were had with T. Lundevall of Scobey. He was the secretary of the defendant Daniels County Farm Loan Association. This association, as above noted, guaranteed the payment of the note given to plaintiff, which note was secured by the mortgage sought to be foreclosed in this proceeding.

At the time plaintiff loaned the money to defendants Myhre, the defendant Daniels County Farm Loan Association purchased stock in the Federal Land Bank of Spokane in the sum of $220, which stock, pursuant to the Federal Farm Loan Act, was pledged by the Daniels County National Farm Loan Association to plaintiff as additional security for the loan.

Much of defendants' offered evidence was excluded on objection that it was incompetent to prove that Lundevall was plaintiff's agent, and elaborate offers of proof were made. Assuming that the offered evidence should have been admitted, the turning point in the case depends upon the answer to the question whether the evidence given, together with that offered and refused, was sufficient to make out a prima facie case against plaintiff on the counterclaim. The answer to that question depends upon whether the evidence given together with that offered and refused—assuming that it should not have been refused—was sufficient to make out a prima facie case that Lundevall was plaintiff's agent, either actually or ostensibly.

It is plaintiff's view that Lundevall was the agent of, and ██ performing duties as an officer of, the Daniels County Farm Loan Association and not the agent of plaintiff. The plaintiff bank and the Daniels County Farm Loan Association are separate and distinct entities. (Federal Farm Loan Act, 12 U. S. C. A., secs. 676 and 711 et seq.; *Lindsey* v. *Federal Land Bank of Columbia*, 186 Ga. 880, 199 S. E. 196.) We will take judicial notice of the federal statutes. (Sec. 10532, Rev. Codes; *Morgan* v. *Hines*, 65 Mont. 306, 211 Pac. 778.)

While there was no direct proof that the Daniels County ██ Farm Loan Association is a corporation, yet that is the fair inference from the entire record. The pleadings admit that the Daniels County Farm Loan Association performed the functions and exercised the powers of an association under the Federal Farm Loan Act, supra, and, this being so, it will, in the absence of further proof, at least be treated as a *de facto* corporation. (8 Fletcher's Cyc. Corp., sec. 4141, pp. 600, 601.)

There is nothing in the record to show that plaintiff authorized ██ Lundevall to act for it in making the crop mortgage.

While the secretary-treasurer of the local national farm loan association is obliged under the law (12 U. S. C. A., sec. 714) to perform certain duties for the Federal Land Bank, yet ordinarily the relationship between the bank and the local association is not that of principal and agent. (*Bjorkstam* v. *Federal Land Bank of Spokane*, 138 Wash. 456, 244 Pac. 981; *Zeigler* v. *Federal Land Bank of Houston*, (Tex. Civ. App.) 86 S. W. (2d) 864; *Whitaker* v. *Fulton*, (Tex. Civ. App.) 17 S. W. (2d) 1079; *Hinds* v. *Federal Land Bank*, 235 Ala. 360, 179 So. 194, 195; *Hooper* v. *Federal Land Bank of Columbia*, 178 Ga. 571, 173 S. E. 415.)

If the relationship of principal and agent existed between ▮ plaintiff and Lundevall, it was because there was an ostensible or implied agency arising from the course of dealing. The substance of the offered evidence relied upon by defendants Myhre to establish the alleged agency of Lundevall was the following: The crop mortgage to plaintiff was executed by defendants Myhre at the solicitation of Lundevall. Plaintiff had knowledge of the mortgage and charged defendants one dollar for its filing. The real estate mortgage was also signed by defendants Myhre at Lundevall's office, and Lundevall called upon Sven Myhre with reference to unpaid installments due on the real estate mortgage before execution of the crop mortgage. Defendants Myhre did not take any steps of their own motion to have the chattel mortgage made up, but it was handed to them by Lundevall, who stated that plaintiff was crowding him for a mortgage. Lundevall also was shown to have taken a decided interest in defendant Myhres' ability to pay plaintiff and made inquiries concerning the amount of acreage they intended to plant.

The record also discloses that plaintiff by letters written direct to defendant Sven Myhre attempted to collect the installments due on the real estate mortgage. The only reference by plaintiff to Lundevall in any of its letters to Sven Myhre was as follows: ''Mr. Lundevall, Secretary-Treasurer of your association has reported on your 1932 operations and also states that you will have in 1933 crop 280 acres of spring seeding on sum-

merfallow and 50 acres on ground that you broke last spring, also that you will give us a mortgage on the crop as collateral security for the delinquencies under this loan.   So that we may have detailed information regarding your operations on this and other properties, we are inclosing an application for extension which kindly fill in completely and return to us along with the inclosed crop mortgage which matures October 1, 1933.   It comes to us that in view of the heavy delinquencies you may have difficulty in taking care of the payments from the 1933 crop even though you should have a normal crop and for that reason we are at this time contemplating an extension of two or three years.   It is for that purpose that we wish to have complete information on the application for extension and will appreciate your giving this matter your early attention.''

This evidence is insufficient to show an agency, either actual or ostensible.   It is indicative only of the interest of Lundevall in protecting the local association of which the defendant Lundevall was a stockholder, and which association would suffer if the mortgage to plaintiff were foreclosed.

The rule is that ''the authority of an agent, and its nature and extent, can only be established by tracing it to its source in some word or act by the alleged principal.   The agent cannot confer authority upon himself.''   (*Benema* v. *Union Central Life Ins. Co.*, 94 Mont. 138, 21 Pac. (2d) 69, 72; and see Mechem on Agency, 2d ed., sec. 285.)

Since plaintiff accepted the chattel mortgage, appellants contend that it ratified the acts of Lundevall, and that under the case of *United States Nat. Bank* v. *Chappell*, 71 Mont. 553, 230 Pac. 1084, the ratification of a part of his acts carries a ratification of that part also which was disadvantageous to plaintiff. That rule cannot apply here, where Lundevall was never the agent of plaintiff, employed by it to do any act or thing for it other than that expressly authorized by law.   (12 U. S. C. A., sec. 714.)   Neither the acceptance of the chattel mortgage here, nor the execution of the waivers was sufficient to show that Lundevall was acting as plaintiff's agent.

422

There were also offers of proof of declarations of Lundevall which the court excluded for want of a proper foundation. The court was correct in excluding the offered testimony, for the relationship of principal and agent cannot be established by the declarations of the agent. (3 C. J. S., Agency, sec. 322, p. 276; *Ashley* v. *Safeway Stores,* 100 Mont. 312, 47 Pac. (2d) 53; *United States F. & G. Co.* v. *Bourdeau,* 64 Mont. 60, 208 Pac. 947; *Nyhart* v. *Pennington,* 20 Mont. 158, 50 Pac. 413.)

Finding, as we do, that the evidence was insufficient to make out a prima facie case of agency, it is not necessary to consider the question of the right of defendants Myhre to a jury trial. Concededly the cause of action set forth in the complaint was in equity. If defendants Myhre were entitled to a jury trial, it was because of the issues presented by the counterclaim. Had a jury trial been granted, the court would have had to take the question of defendants' counterclaim from the jury for want of proof that Lundevall was plaintiff's agent, and hence for want of proof sufficient to sustain the essential allegations of the counterclaim. With the counterclaim removed from the case, the remaining issues were of an equitable nature and properly tried without a jury. A judgment will not be reversed to grant the losing party the right to a jury trial when the record discloses nothing for the jury to try. (*Halko* v. *Anderson,* 108 Mont. 588, 93 Pac. (2d) 956.)

The judgment is affirmed.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES MORRIS, ERICKSON and ARNOLD concur.