**RABBE** et al. v. **FEDERAL LAND BANK OF HOUSTON** et al.

No. 2412.

Court of Civil Appeals of Texas. Waco.

April 16, 1942.

Rehearing Denied May 21, 1942.

Fitzpatrick & Dunnam, of Waco, for appellants.

H. A. Berry, Carl Runge, Barnet B. Skelton, Wm. N. Stokes, Jr., all of Houston, and Scott & Wilson, W. E. Cureton, and John Sheehy, all of Waco, for appellees.

HALE, Justice.

Ella Rabbe and others instituted this suit against the Federal Land Bank of Houston, hereafter referred to as the Bank, and others, seeking to cancel a warranty deed dated July 28, 1925, from Wm. Rabbe and wife, Ottilie Rabbe, to E. L. Rabbe, and a deed of trust dated September 8, 1925, from E. L. Rabbe to the Bank. As grounds for the relief sought, plaintiffs alleged in substance that they were the children and sole surviving heirs at law of Wm. Rabbe and wife, both of whom died intestate; that 200 acres of the land described in said deeds constituted the homestead of their parents at the time when the deeds were executed; that such instruments and the indebtedness evidenced thereby were void because they were the result of a fictitious and pretended sale of the homestead for the purpose of placing a lien thereon in violation of the Constitution and laws of this state; and that the Bank knew, or in the exercise of due diligence should have known, that the purported sale was a simulated transaction entered into for the sole purpose of placing a lien upon said homestead.

The Bank answered with a general denial, a plea of estoppel and sought by cross-action to foreclose the liens described in the petition of plaintiffs. As the basis for its plea of estoppel, the Bank alleged facts showing that Wm. Rabbe and wife and E. L. Rabbe had each represented to it prior to the time when it consummated the loan and acquired the liens sued upon that the conveyance evidenced by the deed dated July 28, 1925, was a bona fide, valid, unconditional sale without restrictions; that Wm. Rabbe and wife had parted with all right, title or interest in and to said land, had vacated and abandoned the premises and were making no claim thereto. The Bank further alleged

that it believed such representations to be true; that if such were not true, it had no knowledge or notice of the falsity thereof; that so believing said representations it relied upon the same and upon the recorded deed and but for which it would not have made said loan; that by reason thereof the plaintiffs, who are claiming under Wm. Rabbe and wife as their heirs at law, are estopped to deny the validity of the liens declared upon.

The case was tried before a jury, but upon the conclusion of the testimony the court peremptorily instructed a verdict against plaintiffs and in favor of the Bank on its cross-action. Judgment was thereafter rendered in accordance with the instructed verdict and plaintiffs have appealed. By appropriate assignments, appellants contend that the court erred in instructing the verdict against them because they say the pleadings and evidence tendered issues of fact for the jury as to the validity of the deed from Wm. Rabbe and wife to E. L. Rabbe and the knowledge or notice of the Bank with respect thereto. On the other hand, the Bank contends that its plea of estoppel was established conclusively as a matter of law, thereby rendering all other issues in the case immaterial.

Wm. Rabbe and wife owned 240 acres of land in McLennan County. On December 11, 1922, they borrowed $2,000 from the Bank, securing the payment thereof by a deed of trust on 40 acres of said land, in which they designated the remaining 200 acres as their homestead. On July 28, 1925, they executed and acknowledged a warranty deed, absolute in form, by the terms of which they conveyed the 240 acres to E. L. Rabbe for a recited consideration of $31,135 as follows: $4,500 cash, the assumption of the $2,000 indebtedness to the Bank and the balance of $24,635 evidenced by two vendor's lien notes, the first for $8,500 due September 1, 1925, the second for $16,135 due on or before January 1, 1941. E. L. Rabbe immediately submitted through the McGregor National Farm Loan Association, hereafter referred to as the Association, his sworn application to the Bank for a loan of $8,500 with which to take up the first vendor's lien note referred to in the deed aforesaid. In the application he stated that he was a bachelor twenty-one years of age, the son of Wm. Rabbe; that he had just purchased from his father the 240 acres and certain livestock and

machinery; that the value of the land and permanent improvements offered as security for the loan was $28,975 and the value of his livestock and machinery was $2,350, thus making a total of $31,135 as the value of the property so acquired; that he and his sister were the only persons then living on said land.

Attached to the application of E. L. Rabbe was a report of the Loan Committee of the Association dated August 12th, signed by each member thereof and by its investigator, which recited that in their judgment the value of the land and permanent improvements was $19,550, the applicant was a person of good character and habits, prompt in meeting obligations and by virtue of actual farming experience, training and temperament was qualified and capable of making a success in the operation of said farm, and it was therein recommended that the loan applied for be granted for an amount not to exceed $7,775 on the land and $800 on the improvements. On August 18th the Bank notified the Secretary of the Association of its tentative approval of the application to the extent of $7,700, subject to a valid lien, reserving the right, however, to decline the completion of the same at its option.

On August 24th the Secretary of the Association wrote the Bank, enclosing written acceptance of the loan for the sum of $7,700 and copy of the deed from Wm. Rabbe and wife to applicant, calling attention to the fact that the abstract covering the title was already in the possession of the Bank by reason of the prior $2,000 loan and advising that the original deed from Wm. Rabbe and wife to the applicant would be shown in final supplemental abstract. One of the Bank's attorneys wrote the Secretary of the Association under date of August 26th advising that the Bank would require an affidavit signed by the applicant and his father to the effect that the $4,500 cash recited in said deed was actually paid, that Wm. Rabbe and family had vacated the premises, the affidavit to show when they had vacated the same, where they now reside, how far they so reside from said land, with whom the applicant is living and with whom he was living on July 28, 1925, such affidavit to be full, positive and specific.

An affidavit was subscribed and sworn to jointly by Wm. and E. L. Rabbe on August 28th, and a separate affidavit was subscribed and sworn to by Ottilie Rabbe on September 5th, each containing the substance of the information requested in said letter of August 26th, and each was forwarded to the Bank at Houston. Under date of September 8th the general counsel of the Bank forwarded to the Secretary the form of note and deed of trust to be executed by E. L. Rabbe, a transfer of the vendor's lien note to be executed by Wm. Rabbe, an affidavit to be executed by E. L., Wm. and Ottilie Rabbe, and requested the supplemental abstract to "show applicant's deed and where and when recorded." On September 9th the requested instruments were duly executed and returned to the Bank, together with a supplemental abstract showing applicant's deed to have been recorded in the deed records of McLennan County on the same day. On September 12, 1925, after receiving and considering all of the information contained in the foregoing instruments, the Bank issued its check payable jointly to Wm. Rabbe and the Secretary for the proceeds of the loan and forwarded a detailed statement of the distribution thereof to E. L. Rabbe who approved the statement and returned same to the Bank, thereby closing the transaction.

Upon the trial of the case in 1940 appellants proved by the undisputed testimony of several witnesses that Wm. Rabbe and wife did not move off of the 200 acres in 1925, or at any other time, but continued to use and occupy the same as their homestead until the death of each, the husband having died intestate in 1936 and the wife in 1938. E. L. Rabbe testified, over timely objections of the Bank, to facts showing that the conveyance to him by the deed dated July 28, 1925, was a simulated transaction. He swore unequivocally that the deed was not delivered to him, was not filed for record by him or with his knowledge or consent, that his parents did not move off of the property in question and that he did not pay any consideration for the deed. If his present testimony is to be believed, then the attempted liens were absolutely void. Therefore, unless appellants are conclusively estopped as a matter of law from asserting the invalidity of the liens here sought to be enforced by the Bank, the trial court erred in withdrawing the case from the jury. Anglin v. Cisco Mortgage Loan Co., 135 Tex. 188, 141 S.W.2d 935.

In the affidavits above referred to, the affiants represented that the deed dated

July 28, 1925, was executed and actually delivered; that the cash consideration as therein recited was paid; that the deed was a bona fide conveyance without condition or reservation; that Wm. Rabbe and his family had vacated the premises immediately after the execution and delivery of said deed and had moved to another farm owned by Wm. Rabbe about 16 miles distant from the farm sold to E. L. Rabbe; that E. L. Rabbe has a widowed sister (naming her) who lives with him on the farm so purchased and keeps house for him; and that the affidavits were being made for the purpose of inducing the Bank to make the loan applied for by E. L. Rabbe, the proceeds of which were to be used in taking up and extending a part of the indebtedness described in said deed. In our opinion, the representations contained in these affidavits, when considered in connection with the recorded deed, were sufficient to warrant the Bank and its agents, charged with the duty of passing upon the validity of liens offered, in believing that Wm. Rabbe and wife had parted with all right, title and interest in and to the land in question and to estop appellants from asserting a homestead claim to the property unless the Bank was informed to the contrary. Parrish v. Hawes, 95 Tex. 185, 66 S.W. 209; Carstens v. Landrum, Tex. Com.App., 17 S.W.2d 803; Alexander v. Wilson, 124 Tex. 392, 77 S.W.2d 873, 128 A.L.R. 412; Sanger v. Calloway, Tex. Com.App., 61 S.W.2d 988; Union Central Life Ins. Co. v. Roach, Tex.Civ.App., 106 S.W.2d 374, error dismissed.

The general counsel of the Bank in 1925 testified without dispute on the trial that it was a part of his duties in 1925 to pass upon the validity of liens offered to the Bank; that the examinations of all applications for loans and abstracts of title in connection therewith were made for the Bank at that time under his direct supervision and control; that the examination of the application of E. L. Rabbe for the loan in question and the title papers submitted in connection therewith was so made under his direction; that he personally wrote the letter to the Secretary of the Association under date of September 8, 1925, requesting a supplemental abstract to show the record of the deed referred to in the several affidavits; that he relied upon the recordation of the deed and the information contained in said deed and affidavits and but for which the loan would

not have been closed; that he had no information that the deed was not what it purported to be or that the affidavits were not true. The necessary effect of now allowing E. L. Rabbe and the other appellants to assert the falsity of the representations made by him and by his deceased parents during their lifetime, or to deny that the Bank relied upon such inducing representations, would be to sanction the right of recovery by a wrongdoer to the detriment of an innocent party. Such a recovery equity will not permit. National Bond & Mortgage Corp. v. Davis, Tex.Com.App., 60 S.W.2d 429; Little v. Shields, Tex.Com.App., 63 S.W.2d 363.

We think it is settled in this state that when a vendor and his wife and the vendee all represent under oath that a deed, absolute in form, has been executed and delivered upon a valuable consideration as a bona fide transaction, and when such deed has been duly registered, both the vendors and the vendee are thereby estopped to assert that the transaction was simulated and that the purported vendor's lien was void on account of the property being the homestead of the vendors, as against one who, in good faith and without notice, lends money to take up and extend the vendor's lien note. Heidenheimer Bros. v. Stewart, 65 Tex. 321; Guaranty Bond State Bank v. Kelley, Tex. Com.App., 13 S.W.2d 69; Pickett v. Dallas Trust & Savings Bank, Tex.Com.App., 24 S.W.2d 354; Rowland v. Skiles, Tex.Civ. App., 79 S.W.2d 898; Humphreys v. Standard Savings & Loan Ass'n, Tex.Civ.App., 80 S.W.2d 438, error refused. As said in the Kelley case, supra [13 S.W.2d 70]: "An attempted lien upon the homestead which is forbidden by law is void and can never be made valid. Where such a pretended lien is enforced upon an estoppel, the attempted lien is not thereby made valid, but the recovery is permitted because the one pleading such invalidity is estopped by his conduct to assert the truth, the effect of which is to defraud and damage another."

Appellants assert that the continuing, open and notorious, physical possession by Wm. Rabbe and wife of the homestead premises charged the Bank with notice that their affidavits were false. We do not agree with this contention, however, as, in our opinion, due diligence was exercised by the Bank when it found upon the deed records of McLennan County an absolute

conveyance from those who were in actual possession of the premises. Eylar v. Eylar, 60 Tex. 315; Little v. Shields, Tex.Com.App., 63 S.W.2d 363; Barron v. Theophilakos, Tex.Civ.App., 13 S.W.2d 739; Still v. Moffett, Tex.Civ.App., 93 S.W.2d 756.

 Appellants further contend that the evidence raised issues for the jury as to whether the Secretary of the Association at McGregor in 1925 was the agent of the Bank and, if so, whether he knew the transaction was simulated and whether he was disqualified to act as a Notary Public in taking the acknowledgments on the deed in controversy. The Secretary was the agent of the Association, but we fail to find any evidence which, in our opinion, would support a legal inference that he or the Association was such an agent of the Bank as that knowledge or notice, if any, on the part of either concerning any irregularity in the transaction would be imputed to the Bank as their principal. On the contrary, it was shown that the Association was a separate legal entity from the Bank, each having been created pursuant to the provisions of what is known as the Federal Farm Loan Act. This Act authorizes the creation of such instrumentalities and defines the powers and duties of each, as well as the functions to be performed by the Secretary of such Associations. Sections 671, 711, 714 and 715, of Title 12, U.S.C.A.

It has been held by the Federal and State courts, and so far as we know, uniformly, that a National Farm Loan Association and its Secretary-Treasurer do not sustain toward a Federal Land Bank the relationship of agent and principal so that knowledge or notice of irregularities in title by the former will be imputed to the latter. Federal Land Bank of Columbia v. Gaines, 290 U.S. 247, 54 S.Ct. 168, 78 L.Ed. 298; Whitaker v. Fulton, Tex.Civ.App., 17 S.W.2d 1079, error refused; Zeigler v. Federal Land Bank of Houston, Tex.Civ.App., 86 S.W.2d 864 error refused; Worrell v. Federal Land Bank of Baltimore, 174 Va. 175, 3 S.E.2d 402; Federal Land Bank of Spokane v. Myhre, 110 Mont. 416, 101 P.2d 1017. Since there was no showing that the Secretary was the agent of the Bank or that he had any direct pecuniary interest in the consideration for the execution of said deed, we hold that he was not disqualified to act as a Notary Public, even though appellants be not now estopped to assert such disqualification. W. C. Belcher Land Mortgage Co. v. Taylor, Tex.Com.App., 212 S.W. 647, point 6; Ross v. Fort Worth National Bank, Tex.Civ.App., 30 S.W.2d 518, point 1, error refused; Tilley v. Kangerga, Tex.Civ.App., 83 S.W.2d 787, point 7, error refused; Red River National Bank v. Latimer, Tex.Civ.App., 110 S.W.2d 232, point 14.

Notwithstanding the able arguments of counsel to the contrary, we have concluded that the evidence adduced in this case did not raise any issue of fact as to the good faith of the Bank by reason of notice on its part that the transaction was irregular or was other than as represented in the affidavits and recorded deed. It necessarily follows that appellants, who are claiming through Wm. Rabbe and wife, are conclusively estopped under the undisputed evidence from asserting the invalidity of the liens sued upon. Therefore all of appellants' assignments are overruled, and the judgment of the trial court is affirmed.